**A. G. MILLER, County Court Clerk, et al., Appellants,**

v.

**Mrs. C. N. BELL, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1970.

Clyde Foster Chestnut, Elkton, Thomas F. Marshall, Frankfort, for appellants.

Charles H. Gill, Jr., George Street Boone, Elkton, for appellees.

CLAY, Commissioner.

Appellees brought this suit in the nature of mandamus to obtain a mandatory order requiring the Todd County Fiscal Court to adopt a resolution creating a library district (pursuant to KRS 173.720), and to levy a tax to finance the project. The requested relief was granted. We are first met with a procedural question which is dispositive of this appeal.

Under KRS 173.720, upon the filing of a duly certified petition of at least 51 percent of the number of duly qualified voters who voted in the last general election in each county within the territorial limits of the proposed district, the fiscal court is required to levy an appropriate tax. On November 6, 1967, there was filed with the fiscal court a petition requesting that a public library district be established in Todd County. There is some controversy here regarding the consideration given this petition in subsequent meetings of the fiscal court, but at a meeting held on November 28 its minutes recite:

"Motion made by R. T. Brown seconded by H. R. Stokes and carried unanimously that the Library Petition filed November 6, 1967 *not be granted.*" (Emphasis added)

At the same meeting the court unanimously accepted another petition requesting a referendum on the question of whether a library district should be established in Todd County. No appeal was taken from either of these orders. The present suit was filed 70 days after their entry.

Appellants timely filed a motion to dismiss the complaint on the ground that the circuit court lacked jurisdiction of the present action because the appropriate remedy was by appeal. This motion was eventually

overruled upon entry of the judgment (September 16, 1968). Although the question is not strictly one of jurisdiction, we are of the opinion that this motion should have been sustained.

The question of the appealability of an order of a fiscal court entered on a petition to create a public library district was thoroughly analyzed in Shreve v. Taylor County Public Library Board, Ky., 419 S. W.2d 779 (1967). It was held the order was appealable. In that case the order had *established* the district, but obviously, since the same issue is involved whether the court acts affirmatively or negatively, an appeal is the proper remedy.[1]

The decision in the Shreve case was confirmed in Meredith v. Sears, Ky., 427 S.W. 2d 813 (1968). That proceeding was in the nature of mandamus to require the fiscal court to proceed by taking further steps after it had entered an order establishing the district. (Of course there can be no appeal from a failure to act.) The contention was made that the original order had been rescinded by a subsequent order which we held invalid. Therein we said (page 815 of 427 S.W.2d):

"In the specific case of orders establishing library districts, we have held that the judicial remedy is to be invoked by appeal from the order. * * * If the order here involved was erroneous or made without proper consideration of the sufficiency of the petition, the remedy was by appeal—not by rescission. * * *."

"Since we are holding that the fiscal court had no authority to rescind its order establishing the library district, and since there was no appeal taken from that order, the sufficiency of the petition was not entitled to be questioned in this action."

It appears that between the dates of the decisions in Shreve and Meredith we af-

1. The Shreve case also involved a mandamus proceeding which sought to compel certain officers to perform their duties under the fiscal court order, which was an appropriate remedy for that purpose.

firmed an order granting mandamus in a proceeding brought to compel the fiscal court to levy a library district tax. Holmes v. Hume, Ky., 424 S.W.2d 824 (1968). In that proceeding no question was raised with respect to the appropriateness of the remedy sought. It appears the suit was filed within 14 days after the fiscal court order refusing to levy the tax, which of course was well within the time to appeal provided in CR 72.02. That proceeding could have been treated as an appeal since the issue involved, the sufficiency of the petition, is the one presentable on appeal. (Shreve v. Taylor County Public Library Board, supra.)

■ In Shreve we held that *all* orders of the fiscal court are appealable, and particularly those entered upon a petition to create a library district. Mandamus is not the proper remedy if there exists an adequate remedy by appeal. Childers v. Stephenson, Ky., 320 S.W.2d 797 (1959).

■ Appellees' brief admits that "anyone personally or officially aggrieved by an action or order of the fiscal court must appeal to the circuit court (within 30 days)".[2] They take the position, however, that the fiscal court "refused to act" and therefore a proceeding in the nature of mandamus was proper. Had the fiscal court *refused to act,* that would have been the proper remedy. See Boggs v. Reep, Ky., 404 S.W. 2d 24 (1966). However, the court did act. Its order very specifically refused to grant the petition. By appellees' own admission with respect to the law, if they were aggrieved their remedy was by appeal.

Apparently appellees contend the fiscal court had authority to act but one way upon a library district petition and that was to approve it and levy the tax. In Meredith v. Sears, supra, we said that the act in approving a petition of this kind is administrative or ministerial, but we went on further to say that the official body has authority to determine the sufficiency of the facts upon which its administrative or ministerial action is based. In that case we pointed out that the sufficiency of such a petition was determinable upon appeal from the order *establishing* the district. By the same token the sufficiency of the petition must be determined on appeal from the order *rejecting* it.

■ It would be rather absurd to hold that an order accepting a petition is appealable and an order rejecting it is not. As we have mentioned, the scope of review is the sufficiency of the petition and that is the issue presentable by any aggrieved party. There is another reason why aggrieved parties should be required to appeal from the order within the time limit fixed by CR 72.02. Unless there was a time limit, the order of the fiscal court would be subject to attack years after it had been entered. Administrative and judicial stability demand more definite limitations.

Since appellees had an adequate remedy by appeal, which they failed to invoke, the circuit court erred in considering the merits of this independent action. We are also of the opinion that the court erred in declaring void the order of the fiscal court adopting and approving the referendum petition because there was likewise no appeal from that order.

The judgment is reversed.

HILL, C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.

2. This was specifically held in Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197 (1947). There may be instances when such an order can be attacked collaterally in an independent action by some person not involved in the proceeding before it, or without notice, but we do not have such a situation because the appellees who attacked the order were the petitioners who initiated the proceedings.