A.G. MILLER, County Court Clerk of Todd County, Kentucky; John Kerr; William McIntosh; Roy Addison; Boone Thornhill; Elwood Moore; and Cecil Mallory, County Judge Executive, As Individual Members of the Todd County Fiscal Court and the Todd County Fiscal Court, A Body Corporate, of Todd County, Kentucky, Appellants/Cross-Appellees,

v.

Doris POWELL; Eston Glover; Mrs. Chester Gill; Helen Rogel, Appellees/Cross-Appellants.

Court of Appeals of Kentucky.

July 6, 1984.

Discretionary Review Denied by Supreme Court Dec. 14, 1984.

Tim Futrell, Cadiz, for appellants/cross-appellees.

J. Granville Clark, J. Granville Clark, Jr., Russellville, for appellees/cross-appellants.

Before WILHOIT, WHITE and DUNN, JJ.

DUNN, Judge.

A library district for Todd County established by virtue of the provisions of KRS 173.720 is the subject of this appeal.

The conception of the district was on November 6, 1967, when the necessary statutory petition requesting that a public library district be established was filed with the Todd County fiscal court. On November 28, 1967, the fiscal court by a unanimous vote ordered that the petition not be granted. At the same meeting the fiscal court unanimously accepted another petition requesting a referendum on the question of whether a library district should be established and entered an order granting the referendum. No appeal was taken from either of the orders, but 70 days after their entry, the proponents of the petition to establish the district filed a mandamus action in the Todd Circuit Court to require the fiscal court to establish the library district pursuant to the petition.

The Todd Circuit Court on September 16, 1968, granted the relief sought and issued a mandatory order requiring the fiscal court to adopt a resolution creating a library district pursuant to KRS 173.720 and further declared void the fiscal court order approving the referendum. The fiscal court complied by entering an order on October 1, 1968, establishing the Todd County Public Library District and later that month appointed a board of trustees for the district. However, an appeal from the circuit court's final order was taken.

On May 15, 1970, in *Miller v. Bell*, Ky., 453 S.W.2d 746 (1970), the then Court of Appeals reversed the judgment of the Todd Circuit Court on procedural grounds. Thereupon, the trial court, in addition to entering orders for refund of taxes collected by the district, entered an order dismissing the original suit.

Thereafter the appointed library board wound up its affairs and ceased to function. The fiscal court records indicate that on October 1, 1979, the County Judge/Executive appointed two members to the "Todd County Library Board" and later at a meeting on October 7, 1980, two more

members were appointed. This was apparently done at the insistence of "friends" of the library for the sole purpose of having an entity to receive whatever federal library funds were available. No tax was asked of the fiscal court, nor was any granted.

It is to be noted that these members were appointed not to the "Todd County Library District Board of Trustees" but to the "Todd County Library Board," an entirely different entity from that authorized by KRS Chapter 173. It should also be noted that the requirements of KRS 173.-725 and KRS 173.730 were not adhered to in making the appointments.

From the time the original library district board ceased functioning in 1971, no library district taxes were collected. From time to time, however, the ersatz library board did solicit funds from the fiscal court, which responded by appropriating $18,000 for 1980–81, $22,000 for 1981–82, and $16,000 for 1982–83.

A new petition to form a library district pursuant to KRS Chapter 173 was filed on July 2, 1982, and presented to the fiscal court on July 13, 1982. At its meeting on August 10, 1982, the fiscal court rejected the petition and unanimously voted that it not be granted. On August 19, 1982, the appellees filed a complaint in the Todd Circuit Court requesting declaratory relief from the fiscal court's action. On February 14, 1983, the trial court granted summary judgment to the appellees requiring the fiscal court to create the public library district and to impose an ad valorem tax to finance it. Appellants' motion to alter, amend or vacate the judgment was overruled by entry of February 22, 1983, and this appeal and cross-appeal were taken. We affirm the trial court on the direct appeal and reverse on the cross-appeal.

■ There is no merit to appellant's first contention that the trial court erred in not dismissing the suit because the public library district created in 1978 remains in legal existence. They argue that neither the circuit court nor the fiscal court entered an order dissolving the library district after the Court of Appeals in 1970 in *Miller v. Bell, supra,* reversed the Todd Circuit Court's 1968 judgment requiring the library district to be established by the fiscal court. Dissolution orders were not necessary. The effect of the reversal by the Court of Appeals was to restore the status quo existing prior to the trial court's order directing the fiscal court to establish the library district, thereby revitalizing the fiscal court's order of November 28, 1967, denying the original petition to form the district. This effect obviated either the circuit court or the fiscal court having to overtly dissolve the district. The orders of both courts establishing the district were nullified by the Court of Appeals reversal. *See* 5 Am.Jur.2d *Appeal and Error* § 990 (1962) to the effect that:

A reversal, when filed in the lower court, automatically sets the lower court's decision aside without further action by that court, and therefore the lower court should not entertain a motion to set aside its former decision. When an appellate decision is without limitation as to how much of the lower court's decision is set aside, all is set aside.

Since the parties to this action are either the same parties or the successors to the parties litigants in *Miller v. Bell, supra,* and, since the identity of this subject matter and that cause of action are identical, the law of the case rule is applicable. *Newman v. Newman,* Ky., 451 S.W.2d 417 (1970). *See also Anderson v. Daugherty,* 182 Ky. 800, 207 S.W. 474 (1919), and *Gossett v. Commonwealth,* Ky., 441 S.W.2d 117 (1969). The final decision in *Miller, supra,* was conclusive of any question concerning the existence of the 1978 district, and once thus decided the question may not be reopened or considered again by presenting appeals in other related cases such as this.

■ We hold, therefore, that the trial court did not err in not dismissing this action on the ground that the public library district created in 1978 is no longer in existence because it is not. The fact that

the fiscal court appointed members to a Todd County Library Board and from time to time appropriated money for it did not resurrect it. The two boards were separate entities. The authority for the latter library board is unknown but its genesis is as we have described above.

Appellants additionally maintain that the trial court erroneously granted summary judgment against them by holding as being legally insufficient the fiscal court's order rejecting the July 2, 1983, petition to establish the library district in the face of many genuine, unresolved, disputed factual issues. We disagree.

It is true this cumbersome record in all its aspects, including supporting briefs, is heavily weighted by innumerable factual and legal pellets resulting from appellants' and other library district antagonists' blasts fired to eradicate the district. However, after sifting all of them through the strainer of legal significance in relation to the issues at hand, the only factual issues that remain are undisputed ones. These undisputed facts must be construed in the light most favorable to appellants, and, if thereafter the appellees were entitled to judgment as a matter of law, the trial court was obliged to enter summary judgment holding as being legally insufficient the fiscal court's order of July 2, 1983, rejecting the petition to form the library district. *Maggard v. McKelvey,* Ky.App., 627 S.W.2d 44 (1981); *Shah v. American Synthetic Rubber Corp.,* Ky., 655 S.W.2d 489 (1983).

█ After reviewing the record we find, as did the trial court, that the objections that the fiscal court found were beyond the 30 day time period after the filing of the petition as required by KRS 173.720. In fact it was not until September 14, 1982, that the objections were enunciated, 62 days after the petition was filed, 35 days after it was rejected, and 26 days after the herein complaint was filed. The fiscal court's role in reviewing the petition is non-discretionary. The statutory requirements are mandatory. *Meredith v. Sears,*

Ky., 427 S.W.2d 813 (1968); *Shreve v. Taylor County Public Library Board,* Ky., 419 S.W.2d 779 (1967). The petition is presumed to be valid on its face and its signatures self-probative until the presumption is overcome by some evidence. *Boyd v. Alexander,* Ky., 284 S.W.2d 85 (1955).

We have carefully reviewed each of the objections to the petition and the evidence legally before the trial court, and in addition to finding them wanting because of their untimeliness as noted above, we find them legally wanting either because they are factually inadequate or, if factually adequate, legally inadequate. It is not our intention to burden this opinion with reference to each objection, but for illustration, if we should agree arguendo with the objections raised that some signatures are legally insufficient, the number of such legally insufficient signatures that we can identify are not enough in number to reduce the total of valid signatures below the 51% required by the statute.

This attack by appellants on the trial court's summary judgment as well as all others advanced on this appeal, including that upon the constitutionality of KRS 173.720 upheld by our Supreme Court in *Wayne County Public Library Board of Trustees v. Wayne County Fiscal Court,* Ky., 572 S.W.2d 858 (1978), have been carefully considered and we find them without merit.

The final question is presented by the cross-appeal. It concerns the time of the imposition of the tax. The judgment provided that it be placed on the tax bills to be collected in the years of 1983, 1984 and 1985 and thereafter until the library district is legally dissolved. The statute provides that upon the filing of a proper petition the fiscal court shall adopt a resolution ordering the levy of the special tax and that a certified copy of the order of the fiscal court shall be filed within thirty (30) days with the county clerk who will add the levy to the *next annual tax bill.* KRS 173.720(1). (emphasis added)

The levy of the tax requested was not a matter within the discretion of the fiscal court, but was mandatorily required by the statute. The resolution of the fiscal court was a ministerial act only and public revenues are not to be defeated by the failure of public officers to discharge a mere ministerial duty at the time it should have been discharged. *McFarland v. Georgetown National Bank,* 208 Ky. 7, 270 S.W.2d 995 (1925).

The Library District was entitled to have the tax added to the next annual tax bill and it cannot be deprived of its funds by reason of the failure of the fiscal court to comply with the law of the Commonwealth.

The petition was presented to the fiscal court in July, 1982. The tax bills for the year 1982 would normally be mailed in September or October of 1982. Cross-appellants contend that the 1982 bill would be the "next annual" tax bill as distinguished from it being the "current annual" tax bill. Sometimes there is confusion in attempting to differentiate "next" from "current", but we must construe the statute so as to give the word "next" its common and ordinary meaning.

*Webster's New World Dictionary,* Second College Edition, defines "next" as just before or after, nearest, immediately preceding or following, on the first subsequent occasion, etc. The first subsequent tax bill in this case was the 1982 tax bill. It is significant that the tax is to be added to the next annual tax bill rather than be imposed for the next assessment year. We hold that the Library District was entitled to have the tax added to the 1982 tax bills.

Insofar as it directed that the levy for the Library District be omitted from the 1982 tax bills, the judgment is REVERSED on the cross-appeal. A new judgment shall be entered to provide for the collection of the tax on a corrected tax bill for 1982 and subsequent years. In all other respects the judgment is AFFIRMED on direct appeal.

All concur.