**William O. GIBSON, in His Official Capacity as Chief of Police of the City of San Antonio, Appellant,**

v.

**James K. BARBE, Appellee.**

No. 04–95–00092–CV.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1995.

Rehearing Overruled Oct. 6, 1995.

---

**1.** The Texas Controlled Substances Act is set forth in TEX.HEALTH & SAFETY CODE ANN. art. 481.001–481.205 (Vernon 1992 & Supp.1995).

Regina Bacon Criswell, Office of City Attorney, Trial Section, San Antonio, for appellant.

Mayo J. Galindo, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

STONE, Justice.

The issue presented in this case is when does a vacancy occur in a police department for purposes of promotion.[1] Both parties filed motions for summary judgment. The trial court granted Barbe's motion and denied Gibson's motion, thereby ruling that the felony conviction of a police officer creates an automatic vacancy on the police force. We affirm.

On December 16, 1992, a Bexar County grand jury returned a two count indictment against San Antonio Police Sergeant Victor Martinez. Chief of Police William O. Gibson, appellant, placed Martinez on indefinite suspension on January 11, 1994. On December 20, 1993, a jury convicted Martinez of one count of felony assault on a fellow police officer. Judgment was entered on the conviction on February 3, 1994, and a motion for new trial was overruled on April 11, 1994. No notice of appeal was filed. Thus the conviction became final on May 5, 1994, 90 days after the sentence was imposed on February 3, 1994. *See* Tex.R.App.P. 41(b)(1).

The police department also instituted administrative proceedings to remove Martinez from the force based upon the same conduct which formed the basis of his criminal conviction. Martinez appealed these proceedings, but then dropped his appeal. The arbitrator's order of August 31, 1994 stated that the appeal was dismissed pursuant to an agreed award upholding the indefinite suspension, which was effective January 11, 1994.

Texas law provides that whenever a vacancy occurs in a position such as Sergeant Martinez held, the civil service commission is to submit three names from that year's current list of candidates eligible for promotion, and a candidate is to be promoted to fill the vacancy within 60 days. The candidate scoring the highest on the exam is to be selected, unless the head of the department has good

1. Although no other Texas appellate courts have addressed this exact issue, courts have ruled that a disqualification from duty creates a vacancy when determining the number of members of a governing body. *Hannan v. City of Coppell*, 583 S.W.2d 817, 818 (Tex.App.—Dallas 1979, writ ref'd n.r.e.); *Alamo Heights v. Gerety*, 264 S.W.2d 778, 780 (Tex.App.—San Antonio 1954, writ ref'd n.r.e.): This Court has also held that a vacancy automatically occurred in two county offices when the officers were convicted of official misconduct. *Trevino v. Barrera*, 536 S.W.2d 75, 77 (Tex.App.—San Antonio 1976) (orig. proceeding).

cause for passing over the candidate. TEX. LOC.GOV'T CODE ANN. § 143.036(f) (Vernon Supp.1995).

Appellee James Barbe was the next available candidate on the list which was effective until May 10, 1994. He instituted this suit to force the Chief of Police to appoint him to fill a vacancy. Appellant conceded that if another vacancy had occurred before May 10, 1994, he would have promoted appellee. Appellee asserts that a vacancy occurred on February 3, 1994, when Martinez' conviction was entered. Appellant·contends that the vacancy did not occur until August 31, 1994, when the agreed order was entered dismissing Martinez' appeal of his removal from the police force.

Appellant's argument overlooks two points. First, the agreed award specifically recites that Martinez' indefinite suspension was effective January 11, 1994, and when the appeal of that suspension was withdrawn, the indefinite suspension was upheld. Second, Martinez would have been judicially estopped from asserting his innocence at the arbitration appeal because that issue had already been resolved against him beyond a reasonable doubt in his criminal trial, a more stringent standard than required at the subsequent arbitration hearing, and he had not appealed the conviction. *See Dover v. Baker, Brown, Sharman & Parker,* 859 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1993, no writ); *see also,* TEX.R.CIV.EVID. 803(22).

The trial judge ruled that the vacancy occurred on February 3, 1994, because the conviction automatically disqualified Martinez from further acting as a police officer under TEX.GOV'T CODE ANN. § 415.058 (Vernon 1988). The court further ruled that Barbe, as candidate number 26, had a right to be promoted within 60 days of the date that candidate number 25 was promoted on May 7, 1994.

■ There is no question a vacancy occurred. The only issue is when it occurred. Section 143.056, which applies to cities the size of San Antonio, provides that "[c]onviction of a felony is cause for dismissal." TEX. LOC.GOV'T CODE ANN. § 143.056(g) (Vernon 1988). Appellant claims that this only means that conviction of a felony could result in a dismissal, but not that it automatically results in dismissal. Appellant thus asserts that the Legislature intended permanent employment for these officers. We do not believe the Legislature intended permanent employment for convicted felons.

■ Appellant reasons that if the Legislature meant for termination to be automatic, it would have used the same language as section 143.1017, which applies to cities with a population over one-and-a-half million. Section 143.1017 says that "Final conviction of a felony shall be the basis for dismissal without notice or further proceedings under this Act." TEX.LOC.GOV'T CODE ANN. § 143.1017(g) (Vernon Supp.1995). At the same time, appellant asserts that termination could never be automatic because that would violate the federal due process requirement that the employee be given some sort of hearing before a substantial right is taken away.[2] The question of when a termination occurs is not before us, however. We must only decide when a vacancy occurs. This happens as soon as the employee is permanently disqualified from further service.

We read section 143.056(g) as an authorization for dismissal, its purpose being to allow city officials to dismiss an officer. It does not state anywhere that an officer who has been convicted of a felony is still eligible to act as a police officer, as appellant would have us interpret it.

**2.** Appellant's construction would mean either that section 143.1017 is unconstitutional or that the United States Constitution applies only to cities with less than one and one-half million people. We decline to make such a ruling. Appellant cites *Cleveland Board of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) which states that an employee is entitled to a hearing before being deprived of a substantial property right such as tenured em-

ployment. The employee in this case does get a hearing before the termination in these situations, they get a full criminal trial in which their guilt must be proved beyond a reasonable doubt and also an administrative hearing. This would appear to be sufficient to satisfy federal due process. *See Davis v. Nuss,* 432 F.Supp. 44, 48 (S.D.Tex.1977); *City of Houston v. Dillon,* 596 S.W.2d 212, 214–15 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

We must look to the chronological order of the enactment of the relevant statutes, which this Court can consider in its construction. TEX.GOV'T CODE ANN. § 311.023(3) (Vernon 1988); *Red River Nat'l Bank v. Ferguson,* 109 Tex. 287, 206 S.W. 923 (1918). Section 143.056 was first written in 1983. Act of June 17, 1983, 68 Leg., R.S., ch. 420 § 9, 1983 Tex.Gen.Laws 2246, 2267. At that time § 415.058, which applies to all cities, required the conclusion of all appeals before the removal of a police officer. Section 415.058 was subsequently amended in 1987, eliminating this requirement. Act of May 21, 1987, 70th Leg., R.S., ch. 147 § 1, 1987 Tex.Gen. Laws 316, 391. This had the practical effect of disqualifying the officer as soon as the conviction is entered. Section 143.1017 was subsequently written to place the same requirements upon cities with more than one-and-a-half million people as the combined effect of section 143.056 and section 415.058 had for cities with fewer people. Act of June 14, 1989, 71st Leg., R.S., ch. 854 § 2(g), 1989 Tex.Gen.Laws 3829, 3830. To adopt appellant's construction of the statute would be to judicially impose a requirement which the Legislature specifically eliminated in 1983 when it revised section 415.058 to eliminate the requirement that the conviction be final. *See* Act of June 19, 1983, 68th Leg., R.S., ch. 479, § 3, 1983 Tex.Gen.Laws 2793, 2809–10.

Appellant contends that section 415.058 deals only with the licensing of officers. To the contrary, it also deals with their removal. "A person who has been convicted of a felony is disqualified to be an officer or county jailer. The commission may not license such a person **and shall on conviction of a felony** *immediately* **revoke the license of a person previously licensed.**" TEX.GOV'T CODE ANN. § 415.058(a) (Vernon 1988) (emphasis added); *see also,* TEX.LOC.GOV'T CODE ANN. § 143.051(1) (Vernon 1988). This language makes it clear that section 415.058 does speak to removal as well as licensing and that the vacancy is automatic, as the trial court found. Although termination might not be automatic, the vacancy is automatic because the former employee is disqualified

from being an officer. Op.Tex.Att'y Gen. No. DM–210 (1993).

 Section 415.058 also states that a person is to be considered convicted of a felony when "a court of competent jurisdiction enters an adjudication of guilt against the person on a felony offense under the laws of this or another state or the United States." TEX. GOV'T CODE ANN. § 415.058(b) (Vernon 1988). Thus a person is disqualified from serving as an officer upon conviction, even if that person is appealing the conviction. The only exceptions to section 415.058 appear to be if "the person is pardoned expressly for subsequent proof of innocence, if the person subsequently proves his or her innocence in a court of law, or if a court sets aside or dismisses the person's conviction." Op.Tex.Att'y Gen. No. DM–210 (1993), *see also, Dixon v. McMullen,* 527 F.Supp. 711, 722 (N.D.Tex.1981); Op. Tex.Att'y Gen. No. MW–270 (1980). We find that the Legislature intended to disqualify from further service any officer upon entry of the judgment, especially since even a subsequent pardon for anything other than proof of innocence will not make the officer once again eligible to hold the position.

The law provides that if an eligibility list exists on the date the vacancy occurs, the department head is to fill the vacancy from the eligibility list furnished within 60 days after the date the vacancy occurs. TEX.LOC. GOV'T CODE ANN. § 143.036(e) (Vernon 1988).[3] Barbe was on the list in existence at the time the vacancy was created and Gibson admitted that he would have promoted Barbe if a vacancy had occurred. This he should have done. The subsequent agreed award between Martinez and the police department is irrelevant.

The judgment of the trial court is affirmed.

---

**3.** The date the previous candidate is promoted is not relevant under section 143.036.