**CITY OF SAN ANTONIO & Al A. Philippus, In His Official Capacity as Chief of Police of the City of San Antonio, Appellants,**

**v.**

**Chinee EDWARDS, Jr., Appellee.**

**No. 04–97–00170–CV.**

Court of Appeals of Texas,
San Antonio.

April 8, 1998.

 

Regina Bacon Criswell, Denton, McKamie & Navarro, P.C., San Antonio, Paula Dlugosz, Asst. City Atty., San Antonio, for Appellants.

Mayo J. Galindo, San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This is an appeal from a summary judgment granted in favor of Appellee, Chinee Edwards. Appellants, the City of San Antonio and Chief of Police Al Philippus ("the City"), contend that our decision in *Gibson v. Barbe*, 907 S.W.2d 646 (Tex.App.—San Antonio 1995, writ denied), is unsound and should be overruled. In the alternative, the City argues that Edwards is not entitled to relief even under *Gibson*. We reverse the judgment of the trial court.

## BACKGROUND

### A. The Administrative Law

This case involves the promotion of a civil servant pursuant to the Texas Local Government Code. The code provides that, if there is a vacancy in a police department, notice of the vacancy is posted and a promotional examination is administered. TEX. LOC. GOV'T CODE ANN. art. 143.029 (Vernon 1988). The promotional examination is open to an officer who, for at least two years immediately before the examination date, has continuously held a position in the classification below the position that is vacant. TEX. LOC. GOV'T CODE ANN. art. 143.031 (Vernon 1988). An eligibility list is compiled ranking officers who are eligible for promotion from one classification to the next based upon such factors as exam grade and seniority. TEX. LOC. GOV'T CODE ANN. art. 143.033(b) (Vernon 1988). The eligibility list is used to make promotions within the department for a period of one year. TEX. LOC. GOV'T CODE ANN. art. 143.036(h) (Vernon Supp.1997).

If an eligibility list exists on the date a vacancy occurs, the commission, at the request of the department head, will certify to the department head the names of the three officers who have the highest grades on the eligibility list. TEX. LOC. GOV'T CODE ANN. art. 143.036(b) (Vernon Supp.1997). The officer with the highest grade is promoted to the position unless the department head has a valid reason for not doing so. TEX. LOC. GOV'T CODE ANN. art. 143.036(f) (Vernon Supp.1997). The department head must fill the vacancy by permanent appointment from the eligibility list within sixty days after the date the vacancy occurs. TEX. LOC. GOV'T CODE ANN. art. 143.036(e) (Vernon 1988).

### B. The Facts

Because this case stems from our ruling in *Gibson v. Barbe*, 907 S.W.2d 646 (Tex.App.—San Antonio 1995, writ denied), a brief history of that case is necessary to clarify the position of the parties. On December 20, 1993, Sergeant Victor Martinez was convicted of the felony assault of a fellow police officer. The judgment was entered on February 3, 1994, and a motion for a new trial was overruled on April 11, 1994. Because Martinez did not appeal, the conviction became final on May 5, 1994.

An eligibility list for the position of sergeant was in existence at the time of Martinez's conviction. Detective James Barbe was the next available candidate on the eligibility list, which expired May 10, 1994. Chief of Police, William O. Gibson, denied Barbe a promotion to Martinez's position, claiming that Martinez's conviction did not create a vacancy. Chief Gibson asserted that Martinez's position was not vacated until August 31, 1994, when the department placed Martinez on indefinite suspension because of the assault. Thus, according to Gibson, Barbe was not entitled to a promotion because the eligibility list in question had expired on May

10, 1994. Barbe filed suit, claiming that a vacancy was automatically created with the felony conviction of Martinez. Both parties moved for summary judgment. The trial court granted summary judgment in favor of Barbe, finding that a vacancy occurred for Martinez's position when Martinez was adjudicated guilty of felony assault.

This court affirmed the judgment of the trial court, finding that Martinez was automatically disqualified from serving as a police officer upon his felony conviction. *Gibson*, 907 S.W.2d at 649. Thus, when Martinez was disqualified, a vacancy was created. Barbe was, therefore, entitled to be promoted as of May 7, 1994, before the expiration of the eligibility list. *Id.* Pursuant to our opinion, Barbe was retroactively promoted to sergeant on July 7, 1994.[1]

We turn now to the facts of the present case. With the promotion of Barbe to sergeant, his position as detective-investigator became vacant. An eligibility list for detective-investigator was in existence at the time Barbe was promoted. This list expired on June 24, 1994. Officer Marvin E. Clemens, who held the first position on the eligibility list, was promoted to detective-investigator in order to fill a vacancy unrelated to this case. As a result, Edwards, who was number two on the detective-investigator list, advanced to the number one position on June 18, 1994. However, Edwards was not given the position created by Barbe's promotion.

Edwards took another promotional exam the following year, and was eventually promoted to the position of detective-investigator on July 1, 1995. Nevertheless, Edwards filed suit against the City, claiming that, because he was first on the detective-investigator eligibility list after Martinez's position had been vacated, he was entitled to be retroactively promoted to detective-investigator as of June 18, 1994. The trial court granted summary judgment in favor of Edwards.

## STANDARD OF REVIEW

■■■ A motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In order to prevail on a motion for summary judgment, the movant must either prove that no genuine issue of material fact exists, affirmatively disprove at least one element of the plaintiff's cause of action, or prove an affirmative defense as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In any case, the movant bears the burden of proving that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166(a),(c). On review, the appellate court must take as true all evidence favoring the non-movant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Milo*, 909 S.W.2d 508, 511 (Tex.1995).

## ARGUMENT AND AUTHORITY

In its sole point of error, the City contends that our holding in *Gibson* is unsound and should be overruled. In the alternative, the City asserts that because Barbe's position was not filled until July 7, 1994, the vacancy for detective-investigator was not created until after the expiration of the detective-investigator list on which Edwards held the number one position.

### A. *Gibson v. Barbe*

The City asks us to reexamine our decision in *Gibson* regarding when a vacancy occurs in a civil service position where the holder of the position is convicted of a felony. *See Gibson*, 907 S.W.2d at 648–649. The City asserts that *Gibson* should have been decided under Chapter 143 of the Local Government Code instead of Chapter 415 of the Government Code. We decline the City's invitation to revisit our *Gibson* decision, and note that the Texas Supreme Court had the opportunity to review this issue and declined to do so

---

1. Under article 143.036(e), the department has sixty days after the date the vacancy occurs to fill the vacancy. TEX. LOC. GOV'T CODE ANN. art. 143.036(e) (Vernon 1988). Detective Barbe was eligible to be promoted on May 7, 1994. Because the statute provides a sixty day window, Barbe's promotion was not made effective until the sixtieth day.

when it denied Gibson's application for writ of error.

■ Both the theory and purpose behind what is known as the law of the case doctrine support our decision not to reexamine this issue. According to the law of the case doctrine, when a question of law is decided on appeal by a court of last resort, that decision governs the case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Pitman v. Lightfoot,* 937 S.W.2d 496, 512 (Tex.App.—San Antonio 1996, writ denied). The doctrine operates to narrow the issues in successive stages of litigation and fosters uniformity of decisions and judicial economy. *Hudson,* 711 S.W.2d at 630. The doctrine is based on public policy and is aimed at putting an end to litigation. *Id.*

■ While the doctrine of the law of the case generally applies to subsequent appeals of the same case, the rationale behind the doctrine applies equally here. One party to this case -the police chief-was a party in the *Gibson* case, and the facts at issue here are the progeny of those presented in *Gibson.* In short, had the facts presented in *Gibson* not occurred, this case would not exist. Under these circumstances, we refuse to again rule on a matter that was directly ruled on and disposed of in a former appeal. The fact that the City is not satisfied with the effects of our decision in *Gibson* does not persuade us to reassess the City's arguments and reconsider our own opinion. The City's point of error is overruled.

## B. Expiration of List

The City alternatively argues that, if the judgment rendered in *Gibson* is followed, Edwards is still not entitled to a retroactive promotion. The City asserts that, in accordance with the judgment appealed in *Gibson,* Barbe was promoted to sergeant on July 7, 1994. Thus, a vacancy for detective-investigator did not occur until that date. According to the City, because the eligibility list at issue here expired June 24, 1994, Edwards was not eligible for a promotion on July 7, 1994.

It is true that an eligibility list for detective-investigator was in effect from June 25, 1993, through June 24, 1994. Officer Marvin Clemens, first on the list was promoted on June 18, 1994. Edwards was second on the list. Thus, Edwards was next in line for a promotion from June 18, 1994, to June 24, 1994. Pursuant to our holding in *Gibson,* the position of sergeant became vacant on May 7, 1994; however, Detective Barbe was not promoted to fill that position until July 7, 1994. The question then arises: when did the vacancy for Barbe's former detective position occur? Did it occur during the time period in which Barbe was eligible for promotion from May 7, 1994 to July 7, 1994, or did it occur when Barbe was actually promoted on July 7, 1994?

■ Generally, a vacancy occurs when an existing position is vacated or a newly created position is established by ordinance. *Duckett v. City of Houston,* 495 S.W.2d 883, 886-887 (Tex.1973); *International Ass'n of Firefighters Local 624 v. City of San Antonio,* 822 S.W.2d 122, 131 (Tex.App.—San Antonio 1991, writ denied). Therefore, when a promotion leaves a vacancy in the promotee's former position, we must look to the effective date of the promotion in order to determine the date of the vacancy. "A promotion is considered effective as of the last date the city could have lawfully filled the vacancy; that is, sixty days from the date the vacancy was created". *See Lee v. Downey,* 842 S.W.2d 646, 649 (Tex.1992); *Klinger v. City of San Angelo,* 902 S.W.2d 669, 674 (Tex. App.—Austin 1995, writ denied); TEX. LOC. GOV'T. CODE ANN. art. 143.108(b) (Vernon Supp.1997). Accordingly, when a city fails to fill a vacancy in compliance with the Local Government Code, the person who properly should have obtained the promotion is entitled to retroactive promotion and back pay, effective sixty days from the date the vacancy was created. *Lee,* 842 S.W.2d at 649.

In *Lee,* the Texas Supreme Court discussed the procedural steps necessary to retroactively promote police officers who were erroneously replaced with civilians. *Lee,* 842 S.W.2d at 648–649. In that case, the court determined that four captains were entitled to be promoted to deputy chief based on the

eligibility list in existence on January 20, 1986, the date the four vacancies were created. *Id.* at 648. The court held that each of these officers was entitled to be promoted effective March 21, 1986, the end of the sixty day period permitted by article 143.036. *Id.* Furthermore, with the promotion of the four captains to the deputy-chief position on March 21, 1986, four additional captain-level vacancies were created. *Id.* at 649. Those vacancies should have been filled by officers at the top of the captain eligibility list that was in existence at that time. *Id.* Thus, the four officers at the top of the captain eligibility list on March 21, 1986, were entitled to promotion to the position of captain effective May 20, 1986. *Id.*

■ *Lee* indicates that vacancies in the positions of deputy-chief and captain did not simultaneously occur. The court found that vacancies for the position of captain created by the promotion of four captains to positions as deputy-chief did not occur until the captains were effectively promoted. *Id.* In the present case, Barbe was not retroactively promoted to sergeant until July 7, 1994. Accordingly, a vacancy for Barbe's position as detective did not exist until July 7, 1994. Because the eligibility list authorizing Edwards's promotion expired on June 24, 1994, he was not eligible for promotion to Barbe's former position on July 7, 1994. Clearly then, Edwards was not entitled to summary judgment on his claim for a retroactive promotion.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.