Rockingham
No. 2009-099

JANET AND PETER SAUNDERS

v.

TOWN OF KINGSTON

Argued: January 13, 2010
Opinion Issued: July 23, 2010

*The Law Office of Scott E. Hogan,* of Lee (*Scott E. Hogan* on the brief and orally), for the plaintiffs.

*Cleveland, Waters and Bass, P.A.,* of Concord (*David W. Rayment* and *Mark S. Derby* on the brief, and *Mr. Rayment* orally), for the intervenor, Konover Development Corp.

HICKS, J. The plaintiffs, Janet and Peter Saunders, appeal a decision of the Superior Court (*McHugh,* J.) dismissing their appeal of a decision of the Town of Kingston Zoning Board of Adjustment (ZBA) allowing the

intervenor, Konover Development Corporation, to build a Hannaford Brothers Supermarket on a parcel of land in Kingston. We affirm.

The trial court's order recites, or the record supports, the following facts. At issue is an eleven-acre parcel abutting Main Street and Route 125 in Kingston. Approximately one-third of the parcel lies within the Town's Historic District, while the remainder lies within the Rural Residential District. The portion within Historic District I contains frontage on Route 125 and would provide ingress and egress to the supermarket. The supermarket itself, however, would be located on property lying within the Rural Residential District.

In January 2004, Konover engaged in a non-binding consultation with the Kingston Planning Board regarding its proposal. At that time, a retail grocery store was a permitted use in the Rural Residential District, but could not be built in Historic District I unless a certificate of approval was obtained from the Historic District Commission. In March 2004, Kingston's zoning ordinance was amended so as to prohibit most retail uses in the Rural Residential District.

In 2006, Konover applied for a certificate of approval from the Historic District Commission. The request was denied and Konover appealed to the ZBA. The ZBA found that the Historic District Commission had erred and granted approval for the proposed supermarket. *Ouellette v. Town of Kingston*, 157 N.H. 604, 607 (2008). Successive appeals to the superior court and this court resulted in affirmances upholding that approval. *Id.* at 605.

On January 22, 2008, the Kingston Planning Board granted Konover conditional site plan approval for the project. The plaintiffs appealed to the ZBA, contending that the approval violated various provisions of the Kingston Zoning Ordinance, including provisions relating to the historic district, the rural residential district and the wetlands conservation district. On April 10, the ZBA denied the appeal, ruling in part that the issues related to the site's location in the rural residential district and alleged violations of the historic district ordinance had been previously decided and would not be reconsidered. The plaintiffs' application for rehearing was denied.

The plaintiffs appealed to the superior court which dismissed their appeal. The plaintiffs now appeal the trial court's disposition of their case to this court.

On appeal, the plaintiffs contend that: (1) the trial court lacked subject matter jurisdiction because the planning board decision underlying the ZBA decision on appeal was not final; (2) under the Kingston Zoning Ordinance and state law, the planning board was required to apply the most restrictive zoning provision, and the trial court erred in not allowing the

plaintiffs to raise this issue; and (3) the ZBA and the superior court erred in refusing to consider the plaintiffs' argument that Konover's proposed development violated numerous provisions of the zoning ordinance. We address each contention in turn.

> We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. For its part, the trial court must treat all factual findings of the ZBA as *prima facie* lawful and reasonable. It may set aside a ZBA decision if it finds by the balance of probabilities, based on the evidence before it, that the ZBA's decision was unreasonable.

*Chester Rod & Gun Club v. Town of Chester*, 152 N.H. 577, 580 (2005) (quotation, citations and brackets omitted).

The plaintiffs first argue that because the January 22, 2008 approval of the site plan was conditional, no appeal therefrom would be ripe "until such time as the Planning Board granted *final* approval within the meaning of RSA 677:15." They cite a Superior Court (*Smukler*, J.) order in related cases dismissing petitions for certiorari review of the conditional site plan approval of Konover's project. There, the trial court noted that the planning board had "imposed 17 conditions, which must be completed before the board would sign the site plan and allow it to be recorded," found that one of the conditions contemplated "further discretionary action on the part of the board," and concluded that because the "board's decision was not final[,] . . . [the] court lack[ed] jurisdiction."

Konover counters that Judge Smukler's decision is not relevant here because that decision was appealed under RSA 677:15, I (Supp. 2009), while the instant case was appealed under RSA 676:5, III (2008) and RSA 677:4 (Supp. 2009). We agree. Read together, RSA 677:15, I, and RSA 676:5, III "afford a person aggrieved by a planning board decision two distinct avenues of appellate review depending upon the nature of the claim." *Hoffman v. Town of Gilford*, 147 N.H. 85, 88 (2001).

> First, if the planning board makes a decision based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance, that decision may be appealed to the ZBA. The time limit for filing such appeal is determined by local ZBA rules. The ZBA's decision can then be appealed to the superior court under RSA 677:4 . . . within thirty days. Second, a decision made by a planning board concerning a plat or subdivision is appealable directly to the superior court by a petition for a writ of certiorari. The petition for a writ of

certiorari must be filed within 30 days after the decision of the planning board has been filed and first becomes available for public inspection.

*Id.* (quotations and citations omitted). "[W]hen a planning board decision is based upon both zoning and planning issues, a party aggrieved by both the zoning and planning aspects of that decision must follow the respective statutory procedures for appellate review of zoning and planning issues to preserve its rights." *Route 12 Books & Video v. Town of Troy*, 149 N.H. 569, 573 (2003).

■ RSA 677:15, I, provides, in pertinent part, that "[a]ny persons aggrieved by any decision of the planning board concerning a plat or subdivision" may petition the superior court for review. RSA 677:15, I. We have held, in a line of cases originating under a prior statute, that only a final decision of the planning board is appealable under RSA 677:15, I. *See, e.g.*, *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 327 (1984); *Collden Corp. v. Town of Wolfeboro*, 159 N.H. 747, 750-51 (2010). We have further noted the distinction between conditions precedent and conditions subsequent as it relates to finality and appealability. "[C]onditions precedent . . . contemplate additional action on the part of the town, and, thus, cannot constitute final approval. Conditions subsequent, on the other hand, do not delay approval." *Prop. Portfolio Group v. Town of Derry*, 154 N.H. 610, 615 (2006). Thus, a conditional approval imposing only conditions subsequent constitutes a final decision appealable under RSA 677:15, I. *Id.* at 615-16.

■ As noted above, RSA 676:5, III and RSA 677:4, taken together, allow for appeal to the ZBA, and then to the superior court, of "any [planning board] decision or determination which is based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance." RSA 676:5, III. We agree with Konover that the type of decisions or determinations appealable under RSA 676:5, III, namely, those based upon, or involving the construction, interpretation or application of, a zoning ordinance, are "final," for purposes of ripeness for appellate review, when made. Such decisions do not "contemplate additional action on the part of the town," *Prop. Portfolio Group*, 154 N.H. at 615, but conclusively determine the applicable issue at the planning board level. We hold that they are immediately appealable to the ZBA under RSA 676:5, III, and further to the superior court, subject to the requirement of a prior application for rehearing under RSA 677:2 (Supp. 2009), *see* RSA 677:3, I (2008). Accordingly, we reject the plaintiffs' contention that the trial court

lacked subject matter jurisdiction. We note that this holding is consistent with our recent holding in *Atwater v. Town of Plainfield*, 160 N.H. 503 (2010).

The plaintiffs next contend that "[a]nother threshold issue in this case has been determining which zoning district(s) apply to the subject property under the provisions of the Kingston Zoning Ordinance." They assert that because portions of the eleven-acre parcel fall within the Historic District, the Rural Residential District and the Wetlands Conservation District, the planning board was required by the Kingston Zoning Ordinance and state law to apply the most restrictive zoning provision. Specifically, they cite the following provisions of the zoning ordinance dealing with the wetlands conservation district:

> Where the Wetlands Conservation District is superimposed over another zoning district in the Town of Kingston, that district which is more restrictive shall govern.
>
> . . . .
>
> . . . In cases where the Wetlands Conservation District overlays another zoning district, the proposed use shall be permitted (providing said use is allowed in the underlying district) subject to review . . . [as provided].

KINGSTON ZONING AND BUILDING CODE, art. IV, §§ 4.60.2(b), 4.60.6(b). They also cite RSA 676:14 (2008), which provides: "Whenever a local land use ordinance is enacted or a regulation is adopted which differs from the authority of an existing ordinance or other regulation, the provision which imposes the greater restriction or higher standard shall be controlling." The plaintiffs argue that under these provisions, the rural residential district is the applicable zoning district because, as it now "prohibits the proposed use outright," it is the most restrictive zone.

The trial court declined to consider this argument based upon the position taken by all of the parties to the *Ouellette* case. In *Ouellette*, we addressed whether the evidence supported findings made by the ZBA in reversing a decision of the Historic District Commission. *Ouellette*, 157 N.H. at 612-13. Our review required us to interpret the historic district regulations, *id.* at 614, which applied, we noted, because "[b]y ordinance, the entire lot is considered to be within the town's Historic District I due to the lot's frontage within that district, although two-thirds of the lot actually lies within the rural residential district." *Id.* at 605-06. Specifically, zoning ordinance section 4.10.2, which sets out the boundaries of Historic District I, provides, in part, that "[p]roperties whose frontage lies partially

within the District, shall be considered within the District." KINGSTON ZONING AND BUILDING CODE, art. 4.10, § 4.10.2.

The trial court in this case found that all parties to *Ouellette*, including the plaintiffs herein, "conceded that Town of Kingston District Regulation 4.10.2 exclusively controlled the determination as to whether or not [Konover's] supermarket would be allowed." The court then concluded that having taken that position in *Ouellette*, the plaintiffs were precluded by the law of the case doctrine from now arguing that the regulations for a different zoning district apply to the project. On appeal, the plaintiffs argue that the trial court erred in applying the law of the case doctrine.

■ The law of the case doctrine provides:

Questions once decided on appeal to this court are not ordinarily reexamined in the same case upon a subsequent appeal. The question decided on the first appeal is known as the law of the case, and becomes binding precedent to be followed in successive stages of the same litigation. Thus, where an appellate court states a rule of law, it is conclusively established and determinative of the rights of the same parties in any subsequent appeal or retrial of the same case.

*Merrimack Valley Wood Prods. v. Near*, 152 N.H. 192, 201 (2005).

The plaintiffs contend that the law of the case doctrine does not apply because the legal point they now advance was not presented, much less decided, in *Ouellette*. Specifically, they argue that the "prior litigation did not contain any reference to the 'Wetlands Conservation District' provision of the Kingston Zoning Ordinance, or to . . . RSA 676:14." They assert that these provisions first became relevant when the site plan application came before the planning board and that they could not have raised these issues before that time. We disagree.

■■ Under the law of the case doctrine,

[o]nly such issues as have actually been decided, either explicitly, or by necessary inference from the disposition, constitute the law of the case. Thus while a party on the first appeal may not omit argument on a point of law necessarily involved in the disposition of an appeal and present it on a second appeal, points of law not reached and decided in the first appeal remain open on remand and on a second appeal.

*Taylor v. Nutting*, 133 N.H. 451, 456 (1990) (quotation and brackets omitted). The issue decided in *Ouellette* was which zoning district's

regulations apply to the eleven-acre parcel. *Ouellette*, 157 N.H. at 605-06. The plaintiffs' contention that RSA 676:14 and Kingston's wetlands conservation district regulations now dictate the answer to that inquiry is an "argument on a point of law necessarily involved in the disposition of" *Ouellette. Id.* (quotation omitted). Accordingly, the law of the case doctrine precludes consideration of that contention in this appeal.

We note that the instant case is not technically a subsequent appeal of *Ouellette*, raising another question as to the applicability of the law of the case doctrine. As noted, the doctrine applies to "successive stages of the same litigation" or to "any subsequent appeal or retrial of the same case." *Merrimack Valley Wood Prods.*, 152 N.H. at 201. An examination of the doctrine's purpose, however, convinces us that it applies in this case.

■ The Court of Appeals of Texas noted that the law of the case doctrine "operates to narrow the issues in successive stages of litigation and fosters uniformity of decisions and judicial economy. The doctrine is based on public policy and is aimed at putting an end to litigation." *City of San Antonio v. Edwards*, 974 S.W.2d 148, 151 (Tex. App. 1998) (citation omitted). The court then reasoned that "[w]hile the doctrine of the law of the case generally applies to subsequent appeals of the same case, the rationale behind the doctrine applie[d] equally" to the case before it, in which one of the parties was a party in the prior case and "the facts at issue [in the present case were] the progeny of those presented in" the prior case. *Id.* (declining to reexamine issue of when a vacancy in a civil service position occurs, decided in a prior case, in a new case related to the filling of a vacancy created by the very promotion effected in the prior case). Under those circumstances, the *Edwards* court "refuse[d] to again rule on a matter that was directly ruled on and disposed of in a former appeal." *Id.*

The Court of Appeals of Kentucky ruled similarly in *Miller v. Powell*, 680 S.W.2d 128 (Ky. Ct. App. 1984), the second of successive cases involving the attempt to create a library district in Todd County. Under the law of the case doctrine, the *Powell* court declined to reexamine the question whether a library district purported to have been created in 1978 remained in existence:

> Since the parties to this action are either the same parties or the successors to the parties litigants in *Miller v. Bell*, [453 S.W.2d 746 (Ky. 1970)], and, since the identity of this subject matter and that cause of action are identical, the law of the case rule is applicable. The final decision in *Miller*, . . . was conclusive of any question concerning the existence of the 1978 district, and once thus decided the question may not be reopened or considered again by presenting appeals in other related cases such as this.

*Powell*, 680 S.W.2d at 130 (citations omitted).

■ The plaintiffs do not dispute that they were parties to *Ouellette*, and the subject matter of this case and *Ouellette* — town approval for the building of a Hannaford supermarket on the eleven-acre parcel in Kingston — is the same. Therefore, on reasoning similar to that in *Edwards* and *Powell*, we conclude that the law of the case doctrine applies here to preclude reexamination of the zoning district applicable to the subject parcel.

Finally, the plaintiffs argue that the trial court erred in dismissing "without comment" their contention that Konover's development violates numerous other provisions of the zoning ordinance. In reply, Konover argues that the trial court properly declined to address each alleged violation and properly found the plaintiffs' related arguments to be "without merit" where the plaintiffs failed to do more, before either the ZBA or the superior court, than "present a broad list of Zoning Ordinances identified by [them] as being violated, with no additional discussion or effort on [their] part." (Quotation and citation omitted.) Konover argues that under RSA 677:4, the plaintiffs should have provided specific grounds upon which the decision or order is claimed to be unreasonable and they should have actually shown the court why they believe the ZBA and planning board erred. We agree.

■ RSA 677:4 provides that a petition for review of a ZBA decision by the superior court "shall set forth that such decision or order is illegal or unreasonable, in whole or in part, and shall specify the grounds upon which the decision or order is claimed to be illegal or unreasonable." RSA 677:4. RSA 677:6 provides in part that "[i]n an appeal to the court, the burden of proof shall be upon the party seeking to set aside any order or decision of the zoning board of adjustment . . . to show that the order or decision is unlawful or unreasonable." RSA 677:6 (2008). In their motion for rehearing before the ZBA, the plaintiffs filed an addendum stating that "[t]he [f]ollowing are — at a minimum — Kingston Ordinances and Portions Thereof that were violated By Act or Omission by The Planning Board in its Site Plan Review for the proposed Konover Development" (bolding omitted), and listing 48 provisions. Where they made factual allegations in the motion itself, the plaintiffs failed to cite any record support for them, a failure they have not remedied before this court. We agree with Konover that the plaintiffs did not meet their burden by merely citing ordinance provisions and claiming that the planning board violated them. For the foregoing reasons, we affirm the decision of the trial court.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.