# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0367, <u>Jerry Perry v. Patricia Brown</u>, the court on April 15, 2021, issued the following order:**

Having considered the briefs, reply memorandum, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Patricia Brown, appeals the order of the Circuit Court (<u>Weaver</u>, J.) appointing a commissioner to sell real estate in an action filed by the petitioner, Jerry Perry, to partition real property. <u>See</u> RSA chapter 547-C (2019). The respondent argues that the trial court erred in ordering the property to be sold and appointing a commissioner. She also argues that the trial court was biased against her. We affirm.

The respondent first argues that the trial court erred in ordering the sale of the property. She asserts that the sale will cause her irreparable harm. Under the law of the case doctrine, questions once decided on appeal to this court are not ordinarily reexamined in the same case upon a subsequent appeal. <u>Saunders v. Town of Kingston</u>, 160 N.H. 560, 566 (2010). In a prior appeal, we affirmed the trial court's order that the property be sold. <u>See</u> <u>Jerry Perry v. Patricia Brown</u>, No. 2019-0410 (N.H. March 13, 2020). We conclude that the law of the case doctrine precludes reconsideration of the issue in this appeal. <u>See</u> <u>Saunders</u>, 160 N.H. at 566.

The respondent next argues that the trial court erred in appointing a commissioner to sell the real estate. In a partition action, the court may order the sale of the property and may "make all other orders that may be necessary to cause such sale." RSA 547-C:25 (2019). When one party refuses to cooperate in selling jointly-owned property, the court may appoint a commissioner. <u>Walker v. Walker</u>, 119 N.H. 551, 553 (1979). We will uphold the court's decision unless it constitutes an unsustainable exercise of discretion. <u>Hayes, Tr. v. Connolly, Tr.</u>, 172 N.H. 102, 106 (2019). In this case, the record shows that the court appointed the commissioner in response to the respondent's demonstrated lack of cooperation in selling the property. The court stated that "if a commissioner is not appointed, this litigation will linger and the parties will be left without a resolution of this matter." We conclude that the respondent has failed to show that the trial court unsustainably exercised its discretion in appointing a commissioner. <u>See</u> <u>id</u>.

The respondent argues that the appointment of a commissioner violates her right to due process and her right to counsel because the commissioner cannot represent both parties. The respondent misunderstands the role of the

commissioner. The court appointed the commissioner to carry out its order to sell the property; the commissioner does not represent either party. The appointment of a commissioner does not restrict the respondent's right to retain counsel of her choosing.

The respondent objects to the court's order requiring her to cooperate in the marketing of the property and allowing the petitioner to seek an order to have her removed from the property, if necessary, "to allow for the showing and inspections necessary for a sale." Notwithstanding the respondent's argument to the contrary, we do not construe the court's order to circumvent the eviction statute. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court).

Finally, the respondent argues that the trial court's order evidences the court's bias against her. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011). Based upon our review of the record, we conclude that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have per se disqualified the trial judge from participating in this case. See State v. Bader, 148 N.H. 265, 268-71 (2002).

The petitioner's request for attorney's fees and costs on appeal is denied. See Sup. Ct. R. 23.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2