# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0196, <u>Chase Cutts Brigham Neighborhood Association, Inc. & a. v. City of Portsmouth</u>, the court on April 25, 2022, issued the following order:**

The requests of the intervenor, Bethel Assembly of God, Inc., to strike the brief of the plaintiffs, Chase Cutts Brigham Neighborhood Association, Inc., Hal Clark, Marilee Clark, Carolyn Collymore, Eldon Collymore, Mary Anne Gauthier, Jason Karlin, Natasha Karlin, Bernice Kowakski-Richards, and Edward Richards, are denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1).

The plaintiffs appeal the order of the Superior Court (<u>Ignatius</u>, J.) upholding decisions of the City of Portsmouth Planning Board to grant conditional use permits and preliminary and final subdivision approval to the intervenor for a project on its property. <u>See</u> RSA 677:15, I (2016). The plaintiffs argue that the superior court erred in ruling that: (1) the conditional use permits constituted final approvals; (2) the board made sufficient findings of fact; (3) the proposal constitutes a "mixed use development" under the city's zoning ordinance; and (4) frontage on a particular way was proper.

The superior court ruled that the conditional use permits constituted final approvals because the conditions are ministerial and require no further discretionary action by the board. <u>See</u> <u>Saunders v. Town of Kingston</u>, 160 N.H. 560, 563-565 (2010) (noting that a conditional approval imposing only conditions subsequent constitutes a final decision appealable under RSA 677:15, I). The court determined that there was no basis to find that the board acted unreasonably or illegally in concluding that the proposed development—a mix of residential, religious, and public park spaces—constituted mixed use. <u>See</u> <u>Girard v. Town of Plymouth</u>, 172 N.H. 576, 581 (2019) (noting that superior court cannot set aside planning board's decision absent unreasonableness or identified error of law). The court noted that the plaintiffs cited no specific regulatory provisions that the applications had violated, and that the board's factual findings were sufficient. <u>See</u> <u>Prop. Portfolio Group v. Town of Derry</u>, 163 N.H. 754, 758,-59 (2012) (declining to find in RSA 674:44, III(e) a requirement that planning board make express findings of fact); <u>cf</u>. <u>Ltd. Editions Properties v. Town of Hebron</u>, 162 N.H. 488, 492-93 (2011) (superior court did not err in concluding that record was sufficient to explain board's reasoning).

The record fails to show that the plaintiffs raised in the superior court an issue regarding frontage.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (noting that appellants bear the burden to demonstrate that they raised their issues in the trial court).

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the superior court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2