Rockingham
No. 99-210

STAR VECTOR CORPORATION

v.

TOWN OF WINDHAM *& a.*

WINDHAM SAFETY COALITION *& a.*

v.

TOWN OF WINDHAM

June 14, 2001

*Rubega Law Office*, of Concord (*Alfred Rubega* on the brief and orally), for plaintiff Star Vector Corporation.

*Michael L. Donovan*, of Concord, by brief and orally, for plaintiff Windham Safety Coalition.

*Beaumont & Campbell, P.A.*, of Salem (*Bernard H. Campbell* on the brief and orally), for defendant Town of Windham Planning Board.

*Donahue, Tucker & Ciandella*, of Exeter (*Robert M. Derosier* and *Robert A. Battles* on the brief, and *Mr. Derosier* orally) for defendant Town of Windham Zoning Board of Adjustment.

BRODERICK, J. In this consolidated appeal, plaintiff Star Vector Corporation (Star Vector) appeals the decision of the Superior Court (*Gray*, J.) affirming the decision of the Town of Windham Planning Board (planning board) which denied Star Vector's application for site plan approval of an indoor shooting range. The Windham Safety Coalition (Coalition), a group of abutters opposed to Star Vector's proposed shooting range, appeals the decision of the superior court which affirmed the decision of the Town's Zoning Board of Adjustment (ZBA) that the planning board erred in concluding that the range failed to comply with the noise standards of the Windham Zoning Ordinance. Because we affirm the superior court's ruling on the planning board's denial of site plan approval, we do not reach the merits of the Coalition's appeal.

The record supports the following facts. Star Vector submitted an application for site plan approval of an indoor shooting range to the planning board in September 1997. The lot for the proposed range is within a town business district, but abuts a residential district. The lot is also in close proximity to Canobie Lake, which serves as the water supply for the Town of Salem.

The planning board received testimony and evidence on Star Vector's site plan application at three public hearings. After concluding the final hearing, it voted to deny the application for three principal reasons: (1) an unacceptable risk to public safety existed from accidental discharge of firearms and Star Vector did not propose any safeguards to diminish the risk; (2) the application failed to comply with the town's noise ordinance; and (3) an unacceptable environmental risk existed that hazardous substances would escape into the air, soil and watershed. Star Vector was notified of the reasons for denial in a letter from the planning board dated March 10, 1998.

Star Vector filed concurrent appeals with both the ZBA, *see* RSA 676:5, III (1996), and the superior court, *see* RSA 677:15 (1996). In the ZBA appeal, Star Vector claimed that the grounds relied upon by the planning board to deny its application were erroneous. Star Vector's appeal to the superior court alleged that the planning board had improperly denied its site plan. The ZBA limited its review to

the planning board's determination that the application violated the town's noise ordinance. After a public hearing, the ZBA ruled that the planning board erroneously concluded that Star Vector's application did not comply with the town's noise ordinance. The Coalition appealed the ZBA decision to the superior court.

The superior court consolidated the appeals. In advance of a hearing on the merits, the trial court denied Star Vector's motions to admit videotapes of the planning board's public hearings and to allow the live testimony of an expert witness. Following a hearing, it ruled that the planning board's reasons for denying the site plan application were not unsubstantiated or conclusory and that the risks of accidental discharge, and the release of hazardous substances provided adequate grounds for denial. On the Coalition's appeal, the trial court ruled that the ZBA's determination that Star Vector's site plan did not violate the town's noise ordinance was both reasonable and lawful. These appeals followed.

## I

■ Before we reach the substantive arguments, we briefly address Star Vector's contention that the trial court erred when it precluded live testimony of an expert witness and failed to review videotapes of the planning board proceedings. RSA 677:15, III "entitles the [trial] court, *at its discretion*, to consider additional evidence when it shall appear necessary." *Mt. Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 655 (2000) (quotation omitted). We review trial court decisions in this context for abuse of discretion. *See id.* at 656; *see also Peter Christian's v. Town of Hanover*, 132 N.H. 677, 683-84 (1990).

Here, the superior court was presented with a voluminous certified record, including audiotapes, a multitude of pleadings and memoranda. The videotapes were not part of the certified record and could reasonably be found to be duplicative of the audiotapes and extensive record already before the court. In denying the request to hear live testimony from an expert witness, the trial court found that the planning board record accurately reflected the proposed testimony. Based upon the record before us, we conclude that the trial court did not abuse its discretion.

## II

We now turn to the trial court's ruling on Star Vector's appeal of the planning board's decision to deny the site plan application. When reviewing a decision of a planning board, a trial court should

determine on the record before it whether the decision was unreasonable or erroneous as a matter of law. *See Deer Leap Assocs. v. Town of Windham*, 136 N.H. 555, 557 (1992); RSA 677:15, V. Upon review of a trial court's decision, we will "uphold the trial court unless its decision is not supported by the evidence or is legally erroneous." *Mt. Valley Mall Assocs.*, 144 N.H. at 647 (quotation omitted). "We look to whether a reasonable person could have reached the same decision as the trial court based on the evidence before it." *Id.* (quotation omitted).

One reason the planning board denied Star Vector's site plan application was the unacceptable risk it posed for the release of toxic and hazardous substances into the environment. Star Vector contends that this determination was unreasonable and illegal.

Evidence before the planning board included numerous articles from a variety of professional agencies and medical journals addressing the dangers of lead contamination associated with shooting ranges. According to these documents, guns, when fired, release airborne lead particles that can pose hazardous conditions both inside and outside of a range. The planning board also heard testimony from several individuals concerning these dangers. In addition, it was presented with reports and other documents about air quality control and the effectiveness of air filtration systems in shooting ranges. Star Vector's architect and two different vendors testified about the adequacy of the filtration system proposed for the range. According to Star Vector and its vendors, the filtration system was sufficient to control lead particle contamination. Other testimony and documentation, however, contradicted these assurances. Based upon the record before us, we conclude that the trial court could have reasonably determined that the planning board's decision was not unreasonable or the result of legal error.

█ If any of the reasons offered by a planning board to reject a site plan application support its decision, then an appeal from the board's denial must fail. *See Davis v. Town of Barrington*, 127 N.H. 202, 207 (1985). In this case, the planning board's conclusion that the shooting range posed an unacceptable risk to public health and safety was sufficient to support its decision. Accordingly, we need not address the sufficiency of the other reasons provided by the planning board to explain its denial; nor do we need to reach the Coalition's appeal.

### III

█ We briefly address Star Vector's arguments that the planning board's decision and denial letter were conclusory and inadequate.

When a planning board rejects a site plan application, RSA 676:4, I(h) (Supp. 2000) mandates that "the ground for such disapproval shall be adequately stated upon the records of the planning board." "The purpose of this requirement is to insure that the developer receives written reasons for the disapproval, and that a record of the Board's reasoning exists so that the decision may be reviewed on appeal." *K & P, Inc. v. Town of Plaistow*, 133 N.H. 283, 289-90 (1990) (citation and quotation omitted).

Here, a detailed letter was sent to Star Vector providing multiple reasons for the denial. In particular, the letter outlined the planning board's dissatisfaction with the application's proposed control of the release of hazardous substances. The certified record, including the minutes of three lengthy public hearings, coupled with the letter, were adequate to apprise Star Vector of the planning board's reasons for denying its site plan application. *Cf. id.* at 290 (letter from board, together with minutes of board meetings, may satisfy requirement that board adequately state reasons for denial).

## IV

Finally, we turn to Star Vector's contention that the planning board's decision violated its due process rights because a member of the planning board brought a prepared motion to deny the site plan application to the final public hearing. This issue was not properly preserved below and thus is waived.

"We require issues to be raised at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328 (1984) (citation omitted). In governmental proceedings, interested parties "are entitled to object to any error they perceive . . . but they are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." *Appeal of Cheney*, 130 N.H. 589, 594 (1988). Here, the plaintiff observed a planning board member, at the end of the final public hearing, produce and read a prepared motion denying the site plan application. The plaintiff was aware of the bias now asserted at the time of the hearing, but remained silent until its appeal to the superior court. Star Vector cannot predicate error on an issue it failed to bring to the attention of the planning board. *Cf. id.* (plaintiff kept silent at council hearing and was barred from predicating error on objection she never made at the hearing).

We have reviewed the record with respect to Star Vector's remaining arguments and find them without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.