Belknap
No. 99-771

JOSEPH F. HOFFMAN

v.

TOWN OF GILFORD & a.

October 9, 2001

*Law Office of Robert I. Morgan*, of Claremont (*Robert I. Morgan* on the brief and orally), for the plaintiff.

*Mitchell & Bates, P.A.*, of Laconia (*Timothy Bates* on the brief and orally), for defendant Town of Gilford.

*Haughey, Philpot & Laurent, P.A.*, of Laconia (*Charles W. Gallagher* on the brief, and *William Philpot* orally), for intervenor Fay's Boat Yard, Inc.

DUGGAN, J. In this interlocutory appeal, the plaintiff, Joseph F. Hoffman, appeals the decision of the Superior Court (*Smukler*, J.) dismissing a portion of his complaint challenging a decision by the Town of Gilford Planning Board (planning board). We affirm.

In December 1998, Fay's Boat Yard, Inc. submitted a site plan to the planning board for improvements to its marina. The planning board approved the site plan on February 8, 1999. On March 1, 1999, Hoffman, an abutter acting *pro se*, filed an appeal with the Town of Gilford Zoning Board of Adjustment (ZBA). Three days later, the ZBA sent Hoffman a letter stating that under RSA 676:5, III (1996) it could hear only zoning issues and could not hear nonzoning or planning issues. The letter gave Hoffman until April 2, 1999, to refile his appeal of the zoning issues using the appropriate form and to pay the filing fee.

On April 2, 1999, Hoffman, through counsel, filed an appeal with the ZBA of both zoning and planning issues. The planning issues included allegations that the site plan failed to provide safety precautions for vehicles and pedestrians, adequate loading space, appropriate landscaping and adequate sewerage disposal. The zoning issues included claims that the plan failed to provide the requisite number of slips per boat, illegally merged a residential lot into the boatyard lot and illegally calculated the appropriate setback distance.

The ZBA accepted jurisdiction of only the zoning issues and held a hearing, after which it affirmed the decision of the planning board. Thereafter, Hoffman filed a motion for reconsideration, which was denied.

Hoffman then filed an appeal in superior court raising both the zoning and planning issues. The Town of Gilford and Fay's Boat Yard, as intervenor, moved for dismissal of the planning matters arguing the superior court lacked subject matter jurisdiction because Hoffman failed to appeal in a timely manner. The superior court ruled that Hoffman's failure to appeal the planning issues to superior court within thirty days of the planning board's decision, as required by RSA 677:15, I (1996), barred superior court review and granted the motion to dismiss the planning issues. As to the zoning issues, the superior court ruled that Hoffman had filed a timely appeal to the ZBA and denied the motion to dismiss, thus allowing the zoning issues to proceed on the merits. In this appeal, Hoffman challenges the superior court's dismissal of the planning issues.

The jurisdictional issue here involves the interplay between RSA 676:5 and RSA 677:15, I. Hoffman argues that his appeal of the planning issues was not untimely. He asks us to interpret the statutory scheme in such a way that when a planning board decides both zoning and planning issues, a person aggrieved by the decision can first appeal the zoning issues to the ZBA and then, if that appeal is unsuccessful, appeal both the zoning and planning issues to the superior court.

In construing a statute, the language of the statute itself is the starting point. *Johnson v. City of Laconia*, 141 N.H. 379, 380 (1996). If the statute is plain and unambiguous, we need go no further in resolving the issue. *Bradley Real Estate Trust v. Taylor, Commissioner*, 128 N.H. 441, 444 (1986).

RSA 676:5, III provides, in pertinent part:

> If, in the exercise of subdivision or site plan review, the planning board makes any decision or determination which is based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance, which would be appealable to the board of adjustment if it had been made by the administrative officer, then such decision may be appealed to the board of adjustment under this section. . . .

RSA 677:15, I, provides:

> Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior

court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable. Such petition shall be presented to the court within 30 days after the decision of the planning board has been filed and first becomes available for public inspection in the office of the planning board or of its clerk or secretary. This paragraph shall not apply to planning board decisions appealable to the board of adjustment pursuant to RSA 676:5, III.

Read together, these statutes afford a person aggrieved by a planning board decision two distinct avenues of appellate review depending upon the nature of the claim. First, if the planning board makes a decision "based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance," that decision may be appealed to the ZBA. RSA 676:5, III. The time limit for filing such appeal is determined by local ZBA rules. RSA 676:5, I (1996). The ZBA's decision can then be appealed to the superior court under RSA 677:4 (1996) within thirty days. Second, a decision made by a planning board "concerning a plat or subdivision" is appealable directly to the superior court by a petition for a writ of certiorari. *See, e.g., Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 323 (1984). The petition for a writ of certiorari must be filed "within 30 days after the decision of the planning board has been filed and first becomes available for public inspection." RSA 677:15, I.

■ The statutes do not, on their face, provide for a different review process when a planning board decision resolves both zoning and planning issues. The aggrieved party may still take zoning issues to the ZBA and planning issues to superior court. This procedural distinction fits the different levels of review for zoning and planning issues. For pure planning issues, there is only a single level of review and even that review is discretionary. *See Daboul v. Town of Hampton*, 124 N.H. 307, 308-09 (1983); *Price v. Planning Board*, 120 N.H. 481, 484-86 (1980). In contrast, for issues involving the interpretation or application of a zoning ordinance, there are two levels of review. At the local level, the ZBA reviews the decision to ensure uniform application of local zoning laws. *See Dube v. Town of Hudson*, 140 N.H. 135, 137-38 (1995). Then, there is a statutory right to have the superior court review the ZBA decision. *See, e.g., Storms v. Town of Eaton*, 131 N.H. 50, 51-52 (1988).

■ Hoffman argues that where a case involves both zoning and planning issues the appeal process will be bifurcated and therefore cumbersome. While there is some merit to the argument that it is undesirable to have related issues in the same case in different forums, the statutes simply do not contain that flexibility. It is not our task to rewrite the statutes. Of course, where there is an appeal to the ZBA and a simultaneous appeal to superior court, the superior court may, in its discretion, stay its proceedings and decide the planning board and subsequent ZBA appeal at the same time. *See, e.g., Mt. Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 644-45 (2000).

■ In this case, the superior court correctly ruled that Hoffman's appeal of the planning issues was untimely. Hoffman had thirty days from the decision of the planning board to appeal the planning issues to superior court. Filing that appeal four months after the decision was untimely and the appeal was properly dismissed.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.