Grafton
No. 2001-018

### SCOTT CADREACT & a.

### v.

### CITATION MOBILE HOME SALES, INC.

Argued: February 13, 2002
Opinion Issued: April 18, 2002

*Clauson & Atwood,* of Hanover (*K. William Clauson* on the brief and orally), for the plaintiffs.

*Sheehan Phinney Bass + Green, P.A.,* of Manchester (*Christopher Cole* and *Robert H. Miller* on the brief, and *Mr. Cole* orally), for the defendant.

DUGGAN, J. The defendant, Citation Mobile Home Sales, Inc., appeals from a jury verdict in favor of the plaintiffs, Scott and Melissa Cadreact. The only issue on appeal is whether the Superior Court (*Fitzgerald,* J.) erred in failing to take notice of the Federal Arbitration Act, 9 U.S.C.A. §§ 1 *et seq.* (1999 & Supp. 2001), when it granted the plaintiffs' motion to amend and permitted the case to proceed to trial on the merits. We affirm.

The plaintiffs purchased a manufactured home from the defendant. The purchase and sale contract includes an arbitration provision. The plaintiffs also purchased a separate ten-year warranty contract on the manufactured home, which similarly includes an arbitration provision. After delivery, the plaintiffs became dissatisfied with the condition of their home and

requested that the defendant make certain repairs. When they became dissatisfied with the repairs, the plaintiffs brought suit in superior court alleging, among other things, breach of the purchase and sale contract.

The defendant's trial counsel moved to dismiss the suit and compel arbitration pursuant to the arbitration provision in the warranty contract. In its motion to dismiss, the defendant cited the warranty contract provision and State law, arguing, "New Hampshire courts have historically enforced arbitration clauses, particularly in the context of construction contracts." Based upon State law, the trial court granted the defendant's motion to dismiss, but allowed the plaintiffs to amend the writ "to plead facts which, if proved, would establish either waiver or 'such grounds as exist at law or in equity for the revocation' of the warranty contract between the parties."

The plaintiffs thereafter filed a "Motion to Amend as to Arbitration" claiming that no warranty contract was ever validly issued. The defendant again objected, arguing that "[i]n the event that any dispute remains as to the applicability of the warranty or the adequacy or completion of repairs performed by the Defendant, the [purchased] warranty requires that such disputes are submitted to an arbitrator." Accordingly, the defendant requested the trial court to "order that the parties submit [unresolved warranty] disputes to binding arbitration." The trial court granted the motion to amend, "find[ing] the plaintiffs have alleged facts supporting subject matter jurisdiction over the cause of action for which the plaintiffs seek relief." This ruling in effect reversed the prior decision granting the motion to dismiss and the case proceeded to a trial on the merits. Following the trial, the jury found that the defendant breached the purchase and sale contract with the plaintiffs and willfully and knowingly violated RSA chapter 358-A (1995 & Supp. 2001). The jury awarded the plaintiffs $40,000 in damages. Upon reviewing the evidence to determine the propriety of awarding enhanced damages under RSA 358-A:10, I, the Trial Court (*Burling*, J.) increased the damages to two and one-half times the amount awarded by the jury and also awarded attorney's fees and costs.

On appeal, the defendant argues that the trial court ignored the mandates of the Federal Arbitration Act, 9 U.S.C.A. §§ 1 *et seq.*, and therefore erred as a matter of law by taking jurisdiction over this case instead of enforcing the mandatory and binding arbitration clauses in the warranty contract and purchase and sale contract.

■ We first address the defendant's argument that the trial court erred by not enforcing the arbitration clause in the warranty contract. In ruling upon the plaintiffs' motion to amend as to arbitration, the trial court found

that the plaintiffs had alleged sufficient facts to establish waiver or grounds for revocation of the warranty contract. Because the trial court ruled that sufficient facts were alleged to establish grounds for revocation, the trial court did not need to reach the issue of whether the Federal Arbitration Act required any dispute arising out of the warranty contract to proceed to arbitration. *See* 9 U.S.C.A. § 2 (providing that "[a] written provision in any ... contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract*" (emphasis added)). Thereafter, the Trial Court (*Smith*, J.) ruled on the defendant's partial motion for summary judgment, and "f[ound] that there [was] a genuine issue of material fact regarding whether the mobile home is covered by a valid warranty agreement." Finally, when the Trial Court (*Burling*, J.) ruled on the defendant's motion for judgment notwithstanding the verdict, it concluded that the evidence supported the jury finding that there were grounds for revocation of the warranty contract, thereby rendering the warranty contract invalid. The defendant does not appeal any of these rulings; rather the defendant contends that even if the warranty contract is invalid, the trial court should have recognized that the purchase and sale contract also contained an arbitration clause, which bound the parties to arbitrate any claim arising out of that contract. Thus, although the defendant criticizes the trial court's conclusion that the plaintiffs' amended complaint alleged sufficient facts to establish waiver or grounds for revocation of the warranty contract, the defendant does not appeal that issue. Accordingly, we will not address it.

Next, we address the defendant's argument that the trial court erred when it failed to enforce the arbitration provision of the purchase and sale contract. The defendant raises this issue for the first time on appeal. Because the defendant never put the trial court on notice that the purchase and sale contract contains an arbitration provision, the trial court never had the opportunity to consider whether grounds exist at law or in equity for the revocation of the purchase and sale contract such that the Federal Arbitration Act would not require enforcement of the arbitration provision. *See* 9 U.S.C.A. § 2; *see also Star Vector Corp. v. Town of Windham*, 146 N.H. 490, 494 (2001) (requiring parties to raise issues at

earliest possible time to allow trial forums the full opportunity to come to sound conclusions and to correct errors of law). Therefore, the issue is not preserved for our review.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred.