Cheshire
No. 2002-483

## ROUTE 12 BOOKS & VIDEO,
## THOMAS TRAVERS (DESIGNATED AGENT)

v.

## TOWN OF TROY

Argued: March 13, 2003
Opinion Issued: June 9, 2003

*Marshall Law*, of East Kingston (*Keri J. Marshall* on the brief), and *Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*Francis X. Quinn* on the brief and orally), for the petitioner.

*Fernald, Taft, Falby & Little, P.A.*, of Peterborough (*Silas Little* on the brief and orally), for the respondent.

NADEAU, J. The petitioner, Route 12 Books & Video, appeals a Superior Court (*Mangones*, J.) order dismissing its planning board appeal and affirming a decision of the Town of Troy Planning Board, which denied the petitioner's application for site plan review. We affirm.

The certified record reveals the following facts. On May 3, 2000, the petitioner approached the planning board for a conceptual consultation regarding its proposal to use a building as an adult-oriented book and video store offering live entertainment. The building is located in Troy on the corner of Route 12, which is known as North Main Street, and Lawrence Road. The building is in the Highway Business District and zoned for commercial uses.

At the May 3 meeting, the planning board gave the petitioner a site plan application and checklist, reviewed the checklist with it, and advised it that the proposed project would require a major site plan review. The planning board also advised the petitioner that there were concerns about the status of Lawrence Road, which it planned to use as a private driveway. During the remainder of May and June that year, the petitioner prepared its application for site plan approval according to the checklist. It submitted the application for approval on July 1, 2000.

On August 1, 2000, the planning board gave notice of a two-part public hearing on the application, scheduled for August 16, 2000. The first part of the hearing was scheduled to decide whether the application was complete. The second part of the hearing was scheduled to receive public comment on the application and decide if the proposed site plan should be approved. At the August 16 hearing, the planning board determined that the application could not be considered complete until the petitioner could show private ownership of Lawrence Road, which, it is now agreed, is a class VI highway, and until the petitioner could show that the materials he planned to sell were not obscene. The planning board voted to continue the hearing to September 6, 2000.

At the September 6 hearing, after further discussion about the status of Lawrence Road, the planning board unanimously decided to accept the application as complete. The planning board then held a public hearing on

the application's merits, addressing numerous issues relating to the petitioner's site plan such as whether it was accurate based upon the status of Lawrence Road, whether it contained proper driveway access and whether the planned parking spaces were consistent with the uses and floor plan of the building. By a 6-1 vote, the planning board rejected the petitioner's application for its inaccuracies "as stated during the discussion."

On September 8, 2000, the planning board sent a letter to the petitioner identifying three reasons for the denial of its application:

> You are hereby notified that the Troy Planning Board at your public hearing on 9/6/00, denied your site plan for the following reasons.
>
> 1. The survey plan presented to the board was not accurate because the applicant assumed that the Lawrence Road is his private property that made all the boundary measurement [sic] wrong on the plan.
>
> 2. Parking requirements were inconsistent with the floor plan that was submitted with the application.
>
> 3. The driveway access approval is in question, so this site plan has no approval for the curb cut which should have been issued to the Town of Troy.

On September 25, 2000, after receiving this letter, the petitioner requested a rehearing on its application from the planning board. The planning board did not respond. The Southwest Regional Planning Commission, a private group that assists the Town of Troy with planning issues, however, gave the petitioner directions to revise and resubmit a new application to the planning board, or to appeal the planning board decision to the superior court. The petitioner's September 25 request apparently also asked to appeal the planning board decision to the zoning board of adjustment (ZBA). Again, however, neither the planning board nor any other town official responded to this request. On January 3, 2001, the petitioner resubmitted its original site plan application to the planning board to comply with the Southwest Regional Planning Commission's instructions, but this application also was returned without further response. The petitioner ultimately appealed the planning board's September 8, 2000 decision to the superior court in late January 2001.

At the superior court, the respondent, the Town of Troy (Town), moved to dismiss the petitioner's appeal, arguing that, to the extent the petitioner's suit was an appeal from an act of the planning board, it was not

timely filed under RSA 677:15 (1996). The trial court denied this motion, however, finding the planning board decision ambiguous as to whether the denial was based upon planning regulations or local zoning ordinances. The superior court ruled that these ambiguities meant the planning board inadequately stated its reasons for the denial because the petitioner did not know whether to bring its appeal to the ZBA or to the superior court. *See* RSA 676:4, I (h) (1996).

In ruling on the Town's motion to dismiss, the trial court made no distinction between the statutory time frames for appellate review of zoning issues at the ZBA and planning issues at the superior court. *Cf. Hoffman v. Town of Gilford*, 147 N.H. 85, 88 (2001). Rather, the trial court found the ambiguity entitled the petitioner to ZBA review and the ZBA never responded to the petitioner's attempted appeal. In essence, the superior court ruled there was not an adequate "decision" from the Town to charge the petitioner with violating the statutory time frame.

After holding a trial on the merits of the petitioner's appeal, however, the trial court reversed its ruling on the motion to dismiss based upon our intervening decision in *Hoffman*, 147 N.H. at 88-89. In *Hoffman*, we held that when a planning board decision is based upon both zoning and planning issues, a party aggrieved by both the zoning and planning aspects of that decision must follow the respective statutory procedures for appellate review of zoning and planning issues to preserve its rights. *Id.* at 87-88. This means that an aggrieved party may appeal such a decision to both the ZBA and the superior court, to neither the ZBA nor the superior court or to only one forum or the other, depending upon the nature of the claim. *See id.* at 88.

Since the portions of this planning board decision based upon planning issues were not appealed to the superior court within thirty days, *see* RSA 677:15, I (Supp. 2002), the superior court ruled that it did not have jurisdiction over the petitioner's claim. The trial court then ruled that because the planning issues could not be challenged based upon jurisdictional grounds, they are presumed to support the decision. Therefore, the trial court found that, even if the zoning issue were meritorious, the planning issues based upon the site plan review regulations would support the planning board's decision and the petitioner's application would still be denied. Finally, the trial court ruled that, even if it reached the merits of the petitioner's appeal, at least one of the planning board's articulated reasons for denying the petitioner's application supported that decision and many of the planning board's reasons for denying the application were supported by evidence in the record. This appeal followed.

The petitioner raises four issues in this appeal. First, the petitioner challenges the trial court's ruling that the petitioner's planning board appeal was untimely since it followed all instructions provided by the planning board. Second, the petitioner challenges the trial court's finding that the planning board letter denying the petitioner's application for site plan review constituted a final decision of the planning board. Third, the petitioner challenges the trial court's reversal of its earlier order denying the planning board's motion to dismiss, after hearing the petitioner's appeal and taking a view of the petitioner's property. Finally, the petitioner challenges the trial court's failure to address the merits of its allegation that the planning board acted in bad faith by not following its own procedures and by thwarting the petitioner's attempts to rectify its application.

■ ■ When reviewing a planning board decision, the trial court must determine on the record before it whether the decision is unreasonable or erroneous as a matter of law. *See Star Vector Corp. v. Town of Windham,* 146 N.H. 490, 492-93 (2001). When reviewing the trial court's decision, we will then decide whether a reasonable person could have reached the same conclusion based upon the evidence before the trial court. *See id.* at 493. If so, we will uphold the trial court decision unless it is legally erroneous. *See id.*

The petitioner's first three arguments are interrelated and based upon jurisdictional grounds, so we address them together. These arguments all challenge the trial court's ruling that it lacked jurisdiction to address the merits of the petitioner's appeal because the petitioner failed to comply with the statutory deadlines for filing an appeal from a decision of the planning board. *See* RSA 677:15, I.

■ As an initial matter, we agree with the trial court that the planning board letter denying the petitioner's site plan application constitutes an unequivocal final decision of the planning board setting forth the grounds for denial. *Cf. Star Vector,* 146 N.H. at 494. When a planning board rejects a site plan application, RSA 676:4, I (h) requires only that the grounds for such disapproval '"be adequately stated upon the records of the planning board.'" *Star Vector,* 146 N.H. at 494 (quoting RSA 676:4, I (h) (Supp. 2000)). We have held that a denial letter combined with the minutes of a planning board meeting can satisfy this statutory requirement. *See id.; see also K & P, Inc. v. Town of Plaistow,* 133 N.H. 283, 290 (1990).

■ Here, the planning board letter identifies three distinct reasons for denying the petitioner's application. *Cf. Star Vector,* 146 N.H. at 494. Each of these reasons is the subject of extended discussion in the minutes of the

September 6, 2000 planning board hearing. We agree with the petitioner that the minutes of the planning board meeting do address many other issues relating to the petitioner's application, which could cause confusion if the minutes are read in isolation. When read in conjunction with the planning board's unequivocal denial letter, however, the minutes of the planning board meeting sufficiently apprise the petitioner of the planning board's reasoning and provide an adequate record of the board's reasoning for us to review on appeal. *See id.*

█ The petitioner next argues that the trial court erred by reversing its earlier denial of the Town's motion to dismiss and ruling that the petitioner's appeal was untimely. Contrary to the petitioner's assertions, however, the superior court had an obligation to revisit its ruling on the Town's motion to dismiss when it became aware that the ruling may be incorrect. *Cf. Dermody v. Town of Gilford,* 137 N.H. 294, 296-97 (1993). The superior court has no discretion when dealing with statutory time requirements that confer jurisdiction. *See id.* Moreover, the issue of subject matter jurisdiction may be raised at any time in the proceedings because jurisdiction cannot be conferred where it does not already exist. *See K & J Assoc. v. City of Lebanon,* 142 N.H. 331, 333 (1997).

The petitioner finally argues the superior court erred by dismissing its appeal on this certified record, because the petitioner followed all of the filing procedures directed by the town officials and was materially confused about whether the denial of its application was based upon zoning or planning issues. We find that, irrespective of the petitioner's confusion, the petitioner had an independent statutory obligation to file this appeal in a timely manner. *See* RSA 677:15, I.

█ █ New Hampshire law requires strict compliance with statutory time requirements for appeals of planning board decisions to the superior court. *See, e.g., Dermody,* 137 N.H. at 296-97. This is because statutory compliance is a necessary prerequisite to establishing jurisdiction in the superior court. *See id.* RSA 677:15, I, provides the jurisdictional deadline for superior court review of a planning board decision on an application for site plan review. It requires that a person "aggrieved by any decision of the planning board" present a petition to the superior court "within 30 days after the date upon which the board voted to approve or disapprove the application." RSA 677:15, I. This deadline does not apply to planning board decisions appealable to the board of adjustment pursuant to RSA 676:5, III. *See id.*

█ RSA 676:5, I and III (1996 & Supp. 2002), provide the jurisdictional requirements for an appeal to the zoning board of adjustment from a

planning board decision that interprets a zoning ordinance. These provisions require a person aggrieved by a decision involving a zoning ordinance to file an appeal with the ZBA "within a reasonable time, as provided by the rules of the [ZBA]." RSA 676:5, I. These provisions further require the appeal to be filed with both the ZBA and the planning board. *See* RSA 676:5, I, III. When a party is aggrieved by a planning board decision that interprets both planning regulations and zoning ordinances and wishes to appeal issues involving both, the party is obligated to file separate appeals with the superior court and the zoning board of adjustment. *See Hoffman*, 147 N.H. at 88-89.

In this case, the planning board's reasons for denying the petitioner site plan review are derived from the Town's site plan review regulations. *See* TROY, N.H., SITE PLAN REVIEW REGULATIONS §§ III (A)(2) to (4) (1997). The second articulated reason based upon the petitioner's proposed parking requirements, however, is also based upon the Town's zoning ordinance. *See* TROY, N.H., ZONING ORDINANCE art. XI (1999). Thus, pursuant to RSA 677:15, I, the petitioner had thirty days from the date of the letter denying site plan review to appeal the reasons based on planning issues to the superior court. *See Hoffman*, 147 N.H. at 88. Likewise, pursuant to RSA 676:5, I, the petitioner had a "reasonable time" under local rules to appeal the zoning issue to the ZBA. *See id.*

The petitioner's failure to appeal at least that portion of the decision based on the Town's site plan review regulations until four months after the date of the decision is clearly untimely, and fatal to its claim. *See id.* at 89. Accordingly, the superior court properly ruled that it lacked jurisdiction to address the planning issues in the petitioner's appeal, which were based upon the Town's site plan review regulations.

The petitioner alleges, however, that it did file an appeal of the planning board decision to the ZBA within a "reasonable time," RSA 676:5, I, and it did resubmit its application to the planning board as instructed by town officials. The petitioner argues that because it received no response to its ZBA appeal and no further procedural instructions on its application from any town official, it delayed appealing the decision to the superior court.

Although we can find no evidence of a ZBA appeal in the certified record, in the transcript and exhibits from trial or in the appendix to this appeal, the Town does not appear to contest the claim that such an appeal was filed. Similarly, the superior court apparently accepted the petitioner's allegation, treating the petitioner's "Appeal From Decision of Troy Planning Board," which "requests a rehearing before the Troy Planning Board" and which was only filed with the Troy Planning Board, as a ZBA appeal.

 Assuming the petitioner did properly file an appeal of the planning board decision with the ZBA, however, it would not affect the outcome of the petitioner's planning board appeal. If the petitioner properly appealed its decision to the ZBA and received no response, the superior court never obtained jurisdiction over the zoning issue because jurisdiction remained vested with the ZBA. *See* RSA 676:6 (1996); *see also Mountain Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 658-59 (2000). In such a case, the petitioner's only remedy would be filing a petition for mandamus ordering the ZBA to act on its properly filed appeal. *See, e.g., Savage v. Town of Rye*, 120 N.H. 409 (1980). Then, if mandamus is granted and the petitioner receives a response denying review at the ZBA, the petitioner would have a statutory right to appeal the zoning issue from the ZBA decision to the superior court. *See Heartz v. City of Concord*, 148 N.H. 325, 329 (2002).

 Alternatively, if the petitioner did not properly file its ZBA appeal, then the superior court never acquired jurisdiction over this issue because the petitioner failed to exhaust its administrative remedies. *See id.* Finally, as the trial court correctly recognized, since it already was precluded from reviewing the planning issues in the planning board's denial of the petitioner's application, the planning board's reasons for denying the application based upon planning issues are presumed to support its decision. If even one of the planning board's reasons for denying the application supports the final decision, then any other appeal from that decision would fail. *See Star Vector*, 146 N.H. at 493. Thus, a further appeal of the zoning issue would be moot because it could not change the planning board's denial of the petitioner's application.

We do believe the planning board could have provided more assistance to the petitioner in this case, by directing the petitioner's apparently misguided appeal to the ZBA and by issuing some ruling on the petitioner's resubmitted applications. *Cf. Savage*, 120 N.H. at 411. Contrary to the Town's representation to the trial court that "[i]t is not the function of any municipality to assist . . . one party or another in land use procedure statutes," we recently reminded municipalities that it is not only their function, but it is their obligation to provide reasonable assistance to their citizens in such cases. *See Richmond Co. v. City of Concord*, 149 N.H. 312, 314-15 (2003); *see also* N.H. CONST. pt. I, art. 1.

 The Town in this case provided the petitioner with no assistance with its ZBA appeal or with its application resubmissions. Nonetheless, while the Town's conduct is questionable, it does not require reversal because these issues are outside the scope of the initial planning board

decision and the superior court lacked jurisdiction to address them. *Cf. Carbonneau v. Town of Rye*, 120 N.H. 96, 98-99 (1980).

The petitioner finally argues that the trial court erred by ignoring the planning board's inability to follow its own procedures for resubmission of unsuccessful applications for site plan review. The superior court did address this issue, however, in its original order on the Town's motion to dismiss, stating: "The Court concludes that the irregularities cited by petitioner did not create a serious impairment of opportunity for notice and participation. Petitioner received ample notice and was given sufficient opportunity to participate." We agree with this conclusion.

Judicial review of planning board appeals is limited by statute:

> IV. Jurisdiction of the courts to review procedural aspects of planning board decisions and actions shall be limited to consideration of compliance with applicable provisions of the constitution, statutes and regulations. The procedural requirements specified in this section are intended to provide fair and reasonable treatment for all parties and persons. The planning board's procedures shall not be subjected to strict scrutiny for technical compliance. Procedural defects shall result in the reversal of a planning board's actions by judicial action only when such defects create serious impairment of opportunity for notice and participation.

RSA 676:4, IV (1996) (emphasis added).

None of the planning board's actions violated any constitutional, statutory or regulatory provision, and the petitioner alleges no such violation in its appeal. The planning board followed all of its own procedures, gave the petitioner multiple public hearings, and through its representative advised the petitioner that it could either resubmit its application or appeal to the superior court. These actions satisfy our constitutional and statutory requirements, as well as the Town's regulatory requirements. Accordingly, the trial court's original order on this issue must stand.

Because the superior court correctly ruled that it lacked jurisdiction to decide the planning board issues in this appeal and its treatment of the zoning issues was not legally erroneous, we affirm the decision of the superior court without reaching the merits of the petitioner's planning board appeal.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.