Grafton
No. 2005-207

SIMPSON DEVELOPMENT CORPORATION

v.

CITY OF LEBANON

Argued: February 22, 2006
Opinion Issued: May 17, 2006

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for the plaintiff.

*Gardner Fulton & Waugh, P.L.L.C.*, of Lebanon (*H. Bernard Waugh, Jr.* on the brief and orally), for the defendant.

HICKS, J. The plaintiff, Simpson Development Corporation (Simpson), appeals an order of the Superior Court (*Houran*, J.) affirming a decision of the City of Lebanon Planning Board (the board) revoking its conditional approval of an amendment to Simpson's cluster subdivision plan. We affirm.

The trial court's order sets forth the following facts, which are supported by the record. On November 22, 1999, the board granted Simpson approval for a fifty-seven lot cluster subdivision containing fifty-three single-family homes in the City of Lebanon (city). The approval was conditioned upon, among other things, the creation of an open space area that included all land not encompassed by the curtilage for the subdivided lots within the developed portion of the property.

On January 13, 2003, Simpson sought to amend its cluster subdivision plan to add nine lots. On June 9, 2003, the board approved the amendment with conditions. The city's attorney informed the board that it had no authority to permit the amendment because the additional nine lots would be sited in the designated open space area. As a result, on October 14, 2003, the board voted to void its conditional approval of the amendment.

Simpson appealed to the superior court pursuant to RSA 677:15 (Supp. 2000). Following a hearing on the merits, the trial court affirmed the board's decision. This appeal followed.

On appeal, Simpson argues that the trial court erred: (1) in ruling that although the board's June 9, 2003 decision was final for purposes of appeal,

it was not a final approval; (2) by ruling that the June 9, 2003 decision was not a final judgment that barred the board's October 14, 2003 action; (3) in ruling that because Simpson had not satisfied all of the conditions precedent, the board's decision was not final; (4) in ruling that pending the city's completion of those administrative conditions, the merits of the planning board's decision were open for further review; and (5) in failing to rule that any challenge to the legality of a planning board's approval must be brought within thirty days of the planning board's vote.

We will uphold the trial court's decision unless it is not supported by the evidence or is legally erroneous. *Star Vector Corp. v. Town of Windham*, 146 N.H. 490, 493 (2001). We look to whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it. *Id.*

Simpson argues that the trial court erred in ruling that "although the June 9, 2003 decision was final for purposes of appeal, it was not a final approval." Specifically, Simpson contends that the trial court "mistakenly concluded that an approval with conditions under RSA 676:4, I(i) is only an interim step in the board's process of consideration." We disagree. RSA 676:4, I(i) (1996) provides in part:

> A planning board may grant *conditional approval* of a plat or application, which approval shall become final without further public hearing, upon certification to the board by its designee or based upon evidence submitted by the applicant of satisfactory compliance with the conditions imposed.

(Emphasis added.)

New Hampshire law specifically authorizes planning boards to grant conditional approvals as the planning board did here in its June 9, 2003 decision. *See* RSA 676:4, I(i). The record reveals that not all of the conditions precedent set by the June 9, 2003 decision had been satisfied.

The June 9, 2003 approval contained conditions subsequent and conditions precedent. Three of these conditions, set out in paragraphs three, nine and ten of the June 9, 2003 approval, are conditions precedent, which had to be met before the approval would become final. On July 14, 2003, the board amended its June 9, 2003 approval to add the following language: "When the Planning Office is notified that Conditions 3, 9 & 10 above have occurred, this approval shall become *FINAL APPROVAL* and the Notice of Action and Subdivision Agreement shall be prepared and signed by the Chairperson as provided in Sections 6.13, 6.25 and 7.4(f) of the Subdivision Regulations."

The conditional approval never became final because not all of the conditions precedent were satisfied before the conditional approval was

revoked. Condition 10 required Simpson to: "**submit for review and approval of the Planning Office any amended declarations of covenants and restrictions that will govern the homeowner's association.**" Pursuant to the city's zoning ordinance, review by the city attorney was required. Zoning ordinance sections 502.3(J)(3) and 502.3(J)(5) provide that:

> All agreements, deed restrictions, organizational provisions for a Homeowners' Association, and any other method of management of the common land, shall be approved by the Planning Board after review by the City Attorney. Adequate provisions shall be made to assure that common open spaces always remain undeveloped.
>
> . . . .
>
> No portion of the common open land shall be conveyed in a manner which would result in non-compliance with this section.

LEBANON, N.H., ZONING ORDINANCE #2, art. v, § 502.3(J)(3), (5).

The city attorney reviewed Simpson's proposal and advised the planning board that pursuant to section 502.3(J) and RSA 674:21-a (Supp. 2005), the board did not have the legal authority to approve Simpson's proposed plan amendment. Both New Hampshire land use statutes and the city's zoning ordinance prohibit development in the designated open space area of cluster subdivisions. *See* RSA 674:21-a; *see also* LEBANON, N.H., ZONING ORDINANCE #2, art. v, § 502.3(J).

RSA 674:21-a provides:

> Any open space designation or other development restriction which is part of a cluster development, planned unit development, village plan alternate subdivision, or other proposal approved under innovative land use controls, or which is lawfully imposed by a local land use board as a condition of subdivision, site plan, variance, or other type of approval, and which has been filed in the records of the local land use board in accordance with its established procedure, shall be deemed to create a conservation restriction as defined in RSA 477:45, I, which shall run with the land, and shall be enforceable by the municipality, or by the owner of any property which would be specially damaged by the violation of such restriction, regardless of whether any deed or other instrument conveying such restriction has been executed or recorded. For purposes of this section, an applicant's statement of intent to restrict development, submitted with or contained in

an application which is subsequently approved, shall be deemed a condition of the approval.

Section 502.3(J) provides in relevant part:

> In a cluster subdivision, open space, outdoor recreational areas, and enclosed recreational facilities shall be held in common use under the following requirements:
> 1. The areas of any such cluster subdivision not used for individual lots, construction of buildings and roads and other areas for vehicular traffic shall be permanently maintained as common land for the purposes of recreation, conservation, park or public easements, or agriculture.

As a result, Simpson did not receive the approval required by condition 10 of the June 9, 2003 approval. Thus, because a condition precedent set by the board in its June 9, 2003 approval was not met, that approval never became final. Because the June 9, 2003 conditional approval was not final, the board was not barred from reviewing the decision, as it did on October 14, 2003, and voting to void the June 9, 2003 approval. The purpose of allowing conditional approvals is to avoid requiring that *any* impediment to full approval result in formal disapproval and the wasteful necessity of starting all over again. *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 327 (1984) (decided under prior law). Conditional approval is only an interim step in the process of the board's consideration. *Id.* For a valid, final approval under the statute, there must be no unfulfilled conditions precedent. *Id.*

In light of our finding that the board's approval was conditional, we need not reach the merits of Simpson's remaining arguments. *See DHB v. Town of Pembroke*, 152 N.H. 314, 323 (2005). Accordingly, we conclude that, based upon the record before us, a reasonable person could have come to the same conclusion as did the trial court in upholding the board's determination that the approval was conditional and would have become final only if the conditions precedent were satisfied.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.