# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00741-CV

**Stephen McElroy, Appellant**

**v.**

**City of Temple, Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 196204-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

---

## O P I N I O N

In this case, we determine whether a police officer who is recalled into active duty in a branch of the United States military is entitled to a military leave of absence from the police department under section 143.072 of the local government code and whether his absence creates a "vacancy" that must be filled with the permanent promotion of another eligible officer. The trial court denied appellant Stephen McElroy's request for a declaration that he should have been promoted to a Senior Police Officer position with the Temple Police Department. *See* Tex. Loc. Gov't Code Ann. § 143.072 (West 1999); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2005). For the reasons explained below, we affirm the judgment.

**BACKGROUND**

McElroy began his employment with the City in 1998 at the entry level rank of Police Officer and was eligible to be promoted to Senior Police Officer as of September 2002. In September, Clay Brown, a Senior Police Officer and member of the United States Army Reserve, was recalled to active duty and was granted a "military leave of absence."[1] The City of Temple Personnel Policies and Procedures Manual provides, under the heading "Military Leave," that "[a]ll employees who are members of the military services, active services, reserve units, National Guard or other special units can take compensated military leave not to exceed fifteen (15) working days in any one calendar year; however, the days need not be consecutive. Time required over the maximum allowed compensated military leave must be taken as annual leave or leave of absence without pay, upon the approval of the department head." Additionally, the General Orders Manual of the Temple Police Department permits "military leave" for an "employee who is responding to orders of the military service as a member of such service."

On September 27, the City appointed McElroy to fill Brown's position on a temporary basis.[2] *See* Tex. Loc. Gov't Code Ann. § 143.038 (West 1999). Although the City compensated

---

[1] According to a September 9, 2002 letter from Col. Paul Capstick, Brown was an "active member of the 425th Military Police Detachment (Criminal Investigative Division)" who was "called to military service by the President of the United States to assist in the U.S. mission supporting Operation Joint Guardian, Kosovo."

[2] The memorandum appointing McElroy to Brown's position states that he was temporarily appointed for ninety days, at which time the situation would be re-evaluated. At trial, Temple police chief Ralph Evangelous testified that he intended to rotate another officer into Brown's position in January. However, after Evangelous received a letter from McElroy's attorney on January 6, he left McElroy in the temporary position because Evangelous was concerned that removing McElroy might be viewed as retaliation for filing a complaint.

McElroy as a Senior Police Officer during his temporary appointment, *see id.*, he was unsatisfied with the temporary nature of the appointment and demanded to be permanently promoted. The City refused, and in February 2003, McElroy filed suit, complaining that he had not been either promoted or bypassed within sixty days of the vacancy. *See id.* § 143.036 (West 1999).

In May, three Senior Police Officers were promoted, leaving their positions vacant. Another police officer was promoted to the first vacancy, and a promotional examination was given to fill the remaining two positions. *See id.* §§ 143.031, .032 (West 1999). McElroy received the second highest grade on the exam; he and another officer were both promoted to Senior Police Officer on June 6. Brown returned to his original position on June 13.

McElroy's original petition requests a declaration that he should have been permanently promoted instead of temporarily appointed to Senior Police Officer.[3] *See id.* § 143.036. The crux of his complaint before the trial court was that because he was not promoted until June 2003, he was improperly denied seniority over other officers who were promoted in May and June.[4] Furthermore, because an officer must serve two years in a rank before taking another promotional exam, *see id.* § 143.028(b), McElroy was not eligible to take another exam, and thereby receive another promotion, until June 2005.

The trial court denied McElroy's request for relief and filed findings of fact and conclusions of law. McElroy retired from the Department after timely filing this appeal.

---

[3] McElroy requested a declaratory judgment and other relief, "including, without limitation, writs of mandamus and injunction." The final judgment does not specifically mention the request for writ of mandamus or injunction, but orders that McElroy's request for declaratory relief and attorneys' fees is denied and that McElroy "take nothing by this suit."

[4] Seniority in rank determines shift assignment and choice of vacation dates.

## DISCUSSION

In his sole issue, McElroy complains that the City refused to promote him to Senior Police Officer pursuant to local government code sections 143.072 and 143.036. The City has filed a motion to dismiss the appeal, urging that the issue is moot because McElroy has retired and seniority could no longer benefit him. Alternatively, the City asserts that McElroy's claims are without merit based on the plain language of the statute.

**Motion to dismiss**

The mootness doctrine limits courts to deciding cases where an actual controversy exists. *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1998). A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). A dispute over attorneys' fees is a live controversy. *Hallman*, 159 S.W.3d at 642.

The trial court denied McElroy's request for declaratory relief, attorneys' fees, and costs. Although McElroy has retired and seniority would no longer benefit him, the case remains alive and justiciable because a decision that McElroy was improperly denied the promotion would necessitate a remand to the trial court to consider whether an award of attorneys' fees and costs would be appropriate. *See Hallman*, 159 S.W.3d at 642 (controversy was live because affirmative answer on liability would necessitate remand to trial court to consider whether award of attorneys'

4

fees was appropriate in light of changed status of prevailing parties). Therefore, we overrule the City's motion to dismiss and will consider the merits of McElroy's claim.[5]

**Does section 143.072 apply to officers who are recalled to active military duty?**

McElroy argues that Brown was granted a military leave of absence pursuant to section 143.072 of the local government code, triggering a provision that required the City to promote McElroy, the next eligible officer, into Brown's "vacant" position. The City responds that the plain language of section 143.072(a) only applies to officers who are *originally entering* military service, not to those who are *recalled* to active military duty such as Brown. The City explains that Brown was granted a "military leave of absence" under City and department personnel policies rather than "military leave" pursuant to section 143.072.

Statutory construction is a question of law that we review de novo. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In construing a statute, our primary objective is to determine the intent of the legislature from the language of the statute. *See Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). To discern that intent, we consider the objective the law seeks to obtain and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023(1), (5); *Sultan v. Mathew*, 178 S.W.3d 747, 749 (Tex. 2005). We presume that

---

[5] McElroy asserts that there is a live controversy because he is entitled to have his civil service record reflect a promotion in November instead of June, and alternatively, that his case falls within the "public interest" exception to the mootness doctrine. *See University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App. 1993) (reviewing case pursuant to "public interest exception" to mootness doctrine). Because we overrule the City's motion to dismiss on other grounds, we need not reach this issue.

5

every word in a statute has been used for a purpose and that each word, phrase, clause and sentence should be given effect. *Texas Dep't of Parks & Wildlife v. Schumake*, 31 S.W.3d 66, 75 (Tex. App.—Austin 2004, no pet.); *see Old Am. County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004). The statute is considered in its entirety rather than viewing its provisions in isolation. *See Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002); *Wilkins*, 47 S.W.3d at 493. We begin, however, with the plain and common meaning of the words chosen by the legislature. *See Stover*, 165 S.W.3d at 326; *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89 (Tex. 2001) (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999)). If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Meritor Auto., Inc.*, 44 S.W.3d at 89 (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999)).

Section 143.072 provides that:

(a) On written application of a fire fighter or police officer, the commission shall grant the person a military leave of absence without pay to enable the person to *enter* a branch of the United States military service. *The leave of absence may not exceed the period of compulsory military service or the basic minimum enlistment period* for the branch of service the fire fighter or police officer enters.

(b) The commission shall grant to a fire fighter or police officer a leave of absence for *initial training* or *annual duty* in the military reserves or the national guard.

(c) While a fire fighter or police officer who received a military leave of absence serves in the military, the commission *shall fill* the person's position in the department in accordance with this chapter. The fire fighter or police officer who fills the position is *subject to replacement by the person who received the military leave* at the time the person returns to active duty in the department.

(d)  *On termination of active military service*, a fire fighter or police officer who received a military leave of absence under this section is *entitled to be reinstated* to the position that the person held in the department at the time the leave of absence was granted if the person [meets specified conditions].

. . . .

(f)  If the reinstatement of a fire fighter or police officer who received a military leave of absence causes that person's replacement to be returned to a lower position in grade or compensation, the replaced person has a preferential right to a subsequent appointment or promotion to the same or a similar position *from which the person was demoted*.  This preferential right has priority over an eligibility list and is subject to the replaced person remaining physically and mentally fit to discharge the duties of that position.

Tex. Loc. Gov't Code Ann. § 143.072 (emphasis added).[6]

It is undisputed that Brown's absence was not due to "initial training or annual duty in the military reserves or the national guard."  *See id*. § 143.072(b).  Rather, the parties dispute whether subsection (a) applies when an officer is *recalled* to active duty, or if it applies only when an officer *enters* into the military.  *Id*. § 143.072(a).

The plain meaning of "enter" can be "to make a beginning."  *See* Webster's Third New International Dictionary 756 (1986).  In construing a similar provision, the San Antonio court of appeals recognized that there is a

definite distinction between a person being recalled on active duty and one who is on active duty as a result of joining the service.  The first situation involves the general

---

[6] Section 143.072 was amended effective June 18, 2003 to add subsections (g) and (h) regarding employee benefits and voluntary substitution by other officers or fire fighters.  *See* Tex. Loc. Gov't Code Ann. § 143.072 (West Supp. 2005).  Also effective June 18, 2003, the legislature added section 143.075, "military leave time accounts."  *See id*. § 143.075 (West Supp. 2005).  We will analyze the statute as it existed during the relevant time period.

principle of an involuntary call to duty; whereas, the latter is basically a voluntary act, irrespective of the reasons for such voluntary act. The recall of reservists to active duty has been commonplace since just prior to World War II, and therefore, the distinction between 'being recalled to active duty' and that of 'joining the service' is well known.

*City of San Antonio v. Pinchback*, 489 S.W.2d 451, 453 (Tex. Civ. App.—San Antonio 1972, no writ). This distinction was also recognized by the legislature. In section 143.028, the legislature provided that "[i]if a person is *recalled on active military duty* for not more than 24 months, the two-year service requirements prescribed by Subsections (a) and (b) do not apply and the person is entitled to have time spent on active military duty considered as duty in the respective fire or police department." Tex. Loc. Gov't Code Ann. § 143.028 (West 1999) (emphasis added). When the legislature has used a term in one section of a statute and excluded it in another, we will not imply the term where it has been excluded. *Meritor Auto., Inc.*, 44 S.W.3d at 90 (citing *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex. 1980)). Thus, in another section in the chapter, the legislature specifically addressed personnel issues of officers who are recalled on active military duty, yet did not use the same term in section 143.072, and we will not imply its use.

McElroy contends that the legislature's use of the word "demoted" in subsection (f) compels a conclusion that section 143.072 applied and that the City was required to promote him. We disagree. First, subsection (f) only applies to an officer or fire fighter who was granted a military leave of absence. Tex. Loc. Gov't Code Ann. § 143.072(f). Viewing the statute as a whole and its terms in context, we believe that the word "demoted" conveys a lowering of position, but does not necessarily compel the permanent promotion of a lower-ranking officer into the position created by the absence of the senior officer on military leave. The plain language of the statute, especially in

8

light of the legislature's provision for temporary assignments in this chapter, does not compel the City to *promote* a remaining officer, only to return an absent officer to his or her original position upon return. *See id*. §§ 143.038 (temporary duties in higher classification), .072. The City has the discretion to either temporarily assign or permanently promote other officers into positions that are open following a leave of military absence pursuant to section 143.072. However, the City is required, under certain conditions, to reinstate eligible officers upon their return from military duty.[7] *See id*. § 143.072(d).

The plain and common meaning of the words in subsection (a) of section 143.072 compel us to hold that a military leave of absence without pay "to enable [a] person to *enter* a branch of the United States military service," does not apply to those who are *recalled* into military service in situations other than initial training or annual duty. *See id*. § 143.072(a), (b) (emphasis added). Our holding, however, must be considered in light of federal law and local personnel policies. *See, e.g.*, 38 U.S.C. §§ 4301-4333 (2002).

**Was McElroy entitled to promotion pursuant to section 143.036?**

Next, McElroy argues that if section 143.072 does not apply, section 143.036 required the City to promote him. Specifically, McElroy urges us to hold that Brown's absence created a "vacancy" which required the City to permanently promote McElroy in November 2002—within

---

[7] Furthermore, federal statutes and regulations apply to the jobs of individuals who serve in the military. *See* 38 U.S.C.A. §§ 4301-4333 (2002) (Uniformed Services Employment and Re-employment Rights Act).

sixty days of the temporary appointment—rather than his subsequent promotion in June 2003. *See* Tex. Loc. Gov't Code Ann. § 143.036(a), (e).

Section 143.036 provides that "[i]f an eligibility list exists on the date a vacancy occurs, the department head shall fill the vacancy by permanent appointment from the eligibility list furnished by the commission within 60 days after the date the vacancy occurs."[8] Thus, we must determine whether Brown's absence constitutes a "vacancy" of his position. *See id*.

A vacancy occurs when an existing position is vacated or a newly created position is established by ordinance. *See City of Fort Worth v. Nyborg*, 999 S.W.2d 451, 455 (Tex. App.—Fort Worth 1999, pet. denied); *see also City of San Antonio v. Edwards*, 974 S.W.2d 148, 151 (Tex. App.—San Antonio 1998, no pet.); *International Ass'n of Firefighters Local 624 v. City of San Antonio*, 822 S.W.2d 122, 131 (Tex. App.—San Antonio 1991, writ denied). A vacancy also occurs when the employee is permanently disqualified from further service. *See Gibson v. Barbe*, 907 S.W.2d 646, 648 (Tex. App.—San Antonio 1995, no pet.).

The documentation verifying Brown's recall into active military service states that he would be on duty for 269 days, and the record shows that Brown intended to return to his position. Thus, under the facts in this case, Brown was only temporarily absent from his position. His position was not vacated, and he was not permanently disqualified from further service. *See Nyborg*, 999 S.W.2d at 455; *Gibson*, 907 S.W.2d at 648.

---

[8] If an eligibility list does not exist on the date a vacancy occurs, other procedures and timelines apply. *See* Tex. Loc. Gov't Code Ann. § 143.036 (West 1999).

Furthermore, under McElroy's interpretation, *any* temporary absence could be a "vacancy" requiring promotion under section 143.036, rendering section 143.038, which permits temporary assignments, superfluous. There is a presumption that the entire statute is intended to be effective, a just and reasonable result is intended, and public interest is favored over any private interest. Tex. Gov't Code Ann. § 311.021 (West 2005).

Thus, we hold that under the facts in this case, Brown's position was not vacated, and the City was not required to permanently promote an eligible officer into Brown's position pursuant to sections 143.036 or 143.108. *See* Tex. Loc. Gov't Code Ann. § 143.036(a). We overrule McElroy's sole issue.

### CONCLUSION

Having overruled McElroy's sole issue, we affirm the judgment of the trial court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 16, 2006

11