

NUMBER 13-06-00484-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID ESAU,                                                                      Appellant,

v.

WELDON T. ROBINSON A/K/A W. T. ROBINSON,                    Appellee.

On appeal from the 92nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, David Esau, appeals from the trial court's order denying his plea to the jurisdiction. In a single issue, appellant argues that the trial court lacked subject-matter jurisdiction to hear Weldon Robinson's ("Robinson") claim for attorney's fees and damages. We affirm.

## I. Background

This case originated from a disputed lease agreement. In 1998, appellant leased property from Robinson for the purpose of harvesting watermelons. After a year of harvesting, a dispute over the terms of payment arose. As a result of the dispute, Robinson opted to cancel the lease agreement and demanded that appellant vacate his property by September 15, 1999. In response, on September 10, 1999, appellant filed an affidavit claiming a mechanic's lien on the property in the amount of $35,000.[1]

The record shows that Robinson was not made aware of the mechanic's lien until he attempted to sell the property in November 2001. After negotiations attempting to get appellant to release the lien proved unsuccessful, Robinson filed the underlying suit for a declaratory judgment seeking to remove the cloud of title to his property. Trial in this matter was eventually set for October 14, 2004.

On the morning of trial, appellant advised the trial court that he intended to release the lien that encumbered appellant's property, and, therefore, argued that any further litigation in the matter was unnecessary. Robinson, however, informed the trial court that his claim for damages and attorney's fees was still pending. Rather than to proceed to trial, the trial court ordered each party to brief the issue as to whether Robinson was entitled to a hearing on the issues of damages and attorney's fees. Both parties submitted their respective briefs on November 12, 2004; appellant's brief, however, included a plea to the jurisdiction.

A hearing on appellant's plea to the jurisdiction was held on October 11, 2005. At

---

[1] According to appellant, the $35,000 amount represents the value of irrigation equipment located on Robinson's property, as well as the labor associated with the cultivation of the land.

2

the hearing, appellant argued that Robinson's petition for declaratory judgment was rendered moot because he had voluntarily removed the lien from Robinson's property. Robinson, however, argued that the trial court still had before it "live pleadings" in the form of his request for attorney's fees and damages. The trial court agreed with Robinson and denied appellant's plea to the jurisdiction.

After a bench trial, the trial court awarded Robinson $15,000 in damages and $26,794.64 in attorney's fees.[2] This appeal ensued.

## II. PLEA TO THE JURISDICTION

By a single issue, appellant asserts that the trial court erred in denying his plea to the jurisdiction. Specifically, appellant contends that the trial court was without subject-matter jurisdiction to hear Robinson's claims for attorney's fees and damages because he had voluntarily removed the lien that encumbered Robinson's property, thereby, rendering the declaratory judgment request that formed the basis of Robinson's claim moot. We disagree.

Like standing, mootness is a component of subject-matter jurisdiction. *See Black v. Jackson*, 82 S.W.3d 44, 51-52 (Tex. App.–Tyler 2002, no pet.). The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005).

---

[2] Appellant does not take issue with the amounts awarded by the trial court.

3

## A. Attorney's Fees

In his petition for declaratory judgment, Robinson sought relief under chapter 53 of the Texas Property Code, *see* TEX. PROP. CODE ANN. § 53.156 (Vernon 2007) (mandating specific procedures for perfecting a lien), and section 12.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (Vernon 2002) (fraudulent lien statute). Section 53.156 of the property code provides that in a proceeding to foreclose on a mechanic's lien or declare such a lien invalid, the court may award costs and reasonable attorney's fees that are equitable and just. TEX. PROP. CODE ANN. § 53.156. It is well settled that a dispute over attorney's fees is a live controversy. *See McElroy v. City of Temple*, 208 S.W.3d 471, 474 (Tex. App.–Austin 2006, pet. denied) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)). Appellant's release of lien did not affect Robinson's claim for attorney's fees, and the trial court did not lack jurisdiction to determine the Chapter 53 attorney's fees claim. *See Camarena*, 754 S.W.2d at 152; *Hallman*, 159 S.W.3d at 642; *cf. Buffin v. Buckner*, No. 05-04-01353-CV, 2005 Tex. App. LEXIS 8390 at *16 (Tex. App–Dallas Oct. 12, 2005, no pet.) (mem. op) (holding a declaratory judgment seeking to remove a materialmen's lien was rendered moot where petition failed to request either attorney's fees or costs of litigation).

## B. Damages

Robinson further asserted that appellant's lien was fraudulently filed in violation of section 12.002 of the Texas Civil Practice and Remedies Code.[3] *See* TEX. CIV. PRAC. &

---

[3] In relevant part, section 12.002 states:

A person may not make, present, or use a document or other record with:

REM. CODE ANN. § 12.002(a). One who violates the fraudulent lien or claim provisions may become liable to an injured person to the greater of $10,000 or the actual damages caused by such violation in addition to incurring liability for court costs, reasonable attorney's fees, and even exemplary damages as determined by the court. *Id.* § 12.002(b). In the case of a fraudulent lien against real property, a person who owns an interest in the property is allowed to enjoin such violations or to recover damages. *Id*. § 12.003(a)(8). Clearly, Robinson was statutorily allowed to seek damages with regard to the lien filed against his property. Further, the mere filing of a release of lien would not fully dispose of the issue as to whether the lien was initially fraudulently filed with intent to cause either physical or financial harm. *See id.* § 12.002(a). We refuse to hold that appellant's release of lien effectively precluded the court's ability to hear Robinson's claim for damages.

We conclude that the trial court had jurisdiction to consider Robinson's chapter 53 claim of attorney's fees and his section 12 claim of damages. Appellant's sole issue on appeal is overruled.

---

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or interest in real or personal property; and

(3) intent to cause another person to suffer:

 (A) physical injury;

 (B) financial injury; or

 (C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (Vernon 2002).

5

## III. Conclusion

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and
filed this the 12th day of June, 2008.