NUMBER 13-06-00484-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DAVID ESAU, Appellant,


v.
 


WELDON T. ROBINSON A/K/A W. T. ROBINSON, Appellee.

 


On appeal from the 92nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Appellant, David Esau, appeals from the trial court's order denying his plea to the
jurisdiction. In a single issue, appellant argues that the trial court lacked subject-matter
jurisdiction to hear Weldon Robinson's ("Robinson") claim for attorney's fees and damages. 
We affirm. 


I. Background

 This case originated from a disputed lease agreement. In 1998, appellant leased
property from Robinson for the purpose of harvesting watermelons. After a year of
harvesting, a dispute over the terms of payment arose. As a result of the dispute,
Robinson opted to cancel the lease agreement and demanded that appellant vacate his
property by September 15, 1999. In response, on September 10, 1999, appellant filed an
affidavit claiming a mechanic's lien on the property in the amount of $35,000. (1) 

 The record shows that Robinson was not made aware of the mechanic's lien until
he attempted to sell the property in November 2001. After negotiations attempting to get
appellant to release the lien proved unsuccessful, Robinson filed the underlying suit for a
declaratory judgment seeking to remove the cloud of title to his property. Trial in this
matter was eventually set for October 14, 2004. 

 On the morning of trial, appellant advised the trial court that he intended to release
the lien that encumbered appellant's property, and, therefore, argued that any further
litigation in the matter was unnecessary. Robinson, however, informed the trial court that
his claim for damages and attorney's fees was still pending. Rather than to proceed to
trial, the trial court ordered each party to brief the issue as to whether Robinson was
entitled to a hearing on the issues of damages and attorney's fees. Both parties submitted
their respective briefs on November 12, 2004; appellant's brief, however, included a plea
to the jurisdiction. 

 A hearing on appellant's plea to the jurisdiction was held on October 11, 2005. At
the hearing, appellant argued that Robinson's petition for declaratory judgment was
rendered moot because he had voluntarily removed the lien from Robinson's property. 
Robinson, however, argued that the trial court still had before it "live pleadings" in the form
of his request for attorney's fees and damages. The trial court agreed with Robinson and
denied appellant's plea to the jurisdiction. 

 After a bench trial, the trial court awarded Robinson $15,000 in damages and
$26,794.64 in attorney's fees. (2) This appeal ensued. 

II. Plea to the Jurisdiction 

 By a single issue, appellant asserts that the trial court erred in denying his plea to
the jurisdiction. Specifically, appellant contends that the trial court was without subject-matter jurisdiction to hear Robinson's claims for attorney's fees and damages because he
had voluntarily removed the lien that encumbered Robinson's property, thereby, rendering
the declaratory judgment request that formed the basis of Robinson's claim moot. We
disagree. 

 Like standing, mootness is a component of subject-matter jurisdiction. See Black
v. Jackson, 82 S.W.3d 44, 51-52 (Tex. App.-Tyler 2002, no pet.). The mootness doctrine
limits courts to deciding cases in which an actual controversy exists. Camarena v. Tex.
Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988). A case becomes moot if a
controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. 
In re Kellogg Brown & Root, 166 S.W.3d 732, 737 (Tex. 2005). 


A. Attorney's Fees

 In his petition for declaratory judgment, Robinson sought relief under chapter 53 of
the Texas Property Code, see Tex. Prop. Code Ann. § 53.156 (Vernon 2007) (mandating
specific procedures for perfecting a lien), and section 12.002 of the Texas Civil Practice
and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a) (Vernon 2002)
(fraudulent lien statute). Section 53.156 of the property code provides that in a proceeding
to foreclose on a mechanic's lien or declare such a lien invalid, the court may award costs
and reasonable attorney's fees that are equitable and just. Tex. Prop. Code Ann. §
53.156. It is well settled that a dispute over attorney's fees is a live controversy. See
McElroy v. City of Temple, 208 S.W.3d 471, 474 (Tex. App.-Austin 2006, pet. denied)
(citing Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005)). Appellant's release
of lien did not affect Robinson's claim for attorney's fees, and the trial court did not lack
jurisdiction to determine the Chapter 53 attorney's fees claim. See Camarena, 754 S.W.2d
at 152; Hallman, 159 S.W.3d at 642; cf. Buffin v. Buckner, No. 05-04-01353-CV, 2005 Tex.
App. LEXIS 8390 at *16 (Tex. App-Dallas Oct. 12, 2005, no pet.) (mem. op) (holding a
declaratory judgment seeking to remove a materialmen's lien was rendered moot where
petition failed to request either attorney's fees or costs of litigation). 

B. Damages

 Robinson further asserted that appellant's lien was fraudulently filed in violation of
section 12.002 of the Texas Civil Practice and Remedies Code. (3) See Tex. Civ. Prac. &
Rem. Code Ann. § 12.002(a). One who violates the fraudulent lien or claim provisions may
become liable to an injured person to the greater of $10,000 or the actual damages caused
by such violation in addition to incurring liability for court costs, reasonable attorney's fees,
and even exemplary damages as determined by the court. Id. § 12.002(b). In the case
of a fraudulent lien against real property, a person who owns an interest in the property is
allowed to enjoin such violations or to recover damages. Id. § 12.003(a)(8). Clearly,
Robinson was statutorily allowed to seek damages with regard to the lien filed against his
property. Further, the mere filing of a release of lien would not fully dispose of the issue
as to whether the lien was initially fraudulently filed with intent to cause either physical or
financial harm. See id. § 12.002(a). We refuse to hold that appellant's release of lien
effectively precluded the court's ability to hear Robinson's claim for damages. 

 We conclude that the trial court had jurisdiction to consider Robinson's chapter 53
claim of attorney's fees and his section 12 claim of damages. Appellant's sole issue on
appeal is overruled. 

III. Conclusion

 We affirm the trial court's judgment. 

 _______________________

 ROGELIO VALDEZ,

 Chief Justice


Memorandum Opinion delivered and 

filed this the 12th day of June, 2008.

 
1. According to appellant, the $35,000 amount represents the value of irrigation equipment located
on Robinson's property, as well as the labor associated with the cultivation of the land. 
2. Appellant does not take issue with the amounts awarded by the trial court. 
3. In relevant part, section 12.002 states:


 A person may not make, present, or use a document or other record with:

 

 (1) knowledge that the document or other record is a fraudulent court record or a
fraudulent lien or claim against real or personal property or an interest in real or
personal property; 

 

 (2) intent that the document or other record be given the same legal effect as a court
record or document of a court created by or established under the constitution or
laws of this state or the United States or another entity listed in Section 37.01, Penal
Code, evidencing a valid lien or claim against real or personal property or interest in
real or personal property; and 

 

 (3) intent to cause another person to suffer:

 

 (A) physical injury; 

 

 (B) financial injury; or 


 (C) mental anguish or emotional distress. 


Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a) (Vernon 2002).